CHARLES GUMMERE, APPELLANT, v. GEORGE L. MUDD, APPELLEE.

297 N. W. 622

FILED APRIL 18, 1941. No. 30911.

*E. H. Evans* and *Urban Simon*, for appellant.

*O. B. Clark* and *Robert Crosby, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

Plaintiff sued his host for damages because of personal injuries suffered in an automobile accident. He appeals because at the conclusion of his evidence, upon motion of defendant, the trial court dismissed his case upon the theory that, as a matter of law, all the facts thus established did not amount to gross negligence within the meaning of the guest statute, section 39-1129, Comp. St. Supp. 1931.

His petition alleges that when defendant reached state highway No. 16, a well improved and important highway in excellent condition of repair, defendant accelerated the speed of his car to a high, unreasonable and unsafe rate of speed and, thereafter, near Arnold, Nebraska, suddenly and without just cause applied the brakes violently, suddenly and effectively, proximately causing the car, solely by reason of the grossly negligent manner in which defendant applied the brakes at the rate of speed at which it was then being driven, to skid, leave the highway, turn over several times, and injure the plaintiff.

Evidence adduced for plaintiff discloses that he and W. J. Bell were guests of defendant, who was driving his almost new Chevrolet coupé from his ranch to Arnold, Nebraska, for the purpose of visiting a friend in the hospital. They had been defendant's overnight house guests. It was approaching 11 a. m., and they were in a hurry because defendant's guests wished to return to the ranch and leave for their home right after the noonday meal. The car was in perfect condition and equipped with hydraulic brakes. Up to the time of the accident it was working perfectly, running smoothly, and under reasonable control. The highway was good, smooth, solid, dry, graveled, a little rolling, but in perfect condition. It was from 30 to 36 feet wide, plenty wide, with clear visibility for approximately 1,000 feet ahead. It was a nice, bright, sunny day, and there

was no traffic to interfere. Two cars had previously passed them going in the same direction. The accident happened while driving around a slight curve from the left, which could be taken at high speed safely without danger. Defendant at the time was driving carefully, leaning over the steering wheel, very intent upon the road, and paying attention to his driving. No complaint of his driving was made by plaintiff because he had not seen any reason to complain. He was not scared. It did not look dangerous to him. Defendant was driving pretty fast, that is all, and put his foot on the brake. Plaintiff could feel it. The car swerved left, then back to the right; the front wheel went into some gravel on the north side of the highway; the car turned over to the right at least twice, and plaintiff was injured.

In a statement made by plaintiff a short time after the accident, in his evidence at a previous trial of Bell's case, and in this trial, but on cross-examination only, plaintiff said that defendant was driving 50 to 55 miles an hour. On redirect examination he testified that he had experimented with another car since the accident and concluded that he should have said 70 to 75 miles an hour. The other guest, Mr. Bell, testified that he felt defendant apply the brakes about 200 feet from the accident which, independently of any other matter, caused the accident; that in the 8 or 9 miles of travel on the highway, defendant had driven from 60 to 80 miles an hour, and that several miles before the accident he had said to defendant: "My God, we must be going to a fire," but no reply was given.

Shortly after the accident plaintiff said to defendant: "George, we had a blowout," and defendant replied: "That is what caused the wreck. The tire blew out. The car swerved. I tried to stop it and it went over." Plaintiff made similar statements to others, and there is evidence that defendant, at or about the same time, also said that in his opinion the left hind tire went down; that he heard a noise indicating that there was a blowout of the left hind tire before he put on the brakes. There actually was a

hole in the tire. Plaintiff says that he saw it after the accident and while the wheels of the car were still in the air before it was righted on the highway. There is other evidence that both plaintiff and defendant honestly believed at the time of the accident that there had been a blowout.

It is conceded that the court will regard as conclusively established every fact which plaintiff's evidence proves, together with reasonable inferences therefrom, and that if different minds might reasonably draw different conclusions therefrom, the question of alleged gross negligence of defendant would be factual for the jury to decide, but this court has recently said, and the trial judge in this case was the writer of the opinion: "When evidence is resolved most favorably toward the existence of gross negligence, and thus a fixed state of facts had, the question of whether or not such facts will support a finding of the existence of gross negligence is a question of law." *Gosnell v. Montgomery*, 133 Neb. 871, 277 N. W. 429. See, also, *Thurston v. Carrigan*, 127 Neb. 625, 256 N. W. 39; *Lemon v. Hoffmark*, 132 Neb. 421, 272 N. W. 214.

"Gross negligence, within the meaning of section 39-1129, Comp. St. Supp. 1931, means negligence in a very high degree, or the absence of even slight care in the performance of a duty." *Morris v. Erskine*, 124 Neb. 754, 248 N. W. 96. This definition has been consistently adhered to in many cases. It is followed more comprehensibly in the recent case of *Larson v. Storm*, 137 Neb. 420, 289 N. W. 792, wherein the court said: "Gross negligence has been defined as an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the safety of others."

Authorities relied upon by plaintiff for reversal all disclose the ever present imminence of danger visible to, known by, or made known to the driver, together with a persistence in negligence apparently heedless of the consequences thereof; evidence of negligence far in excess of any appearing in the case at bar and from which different minds might reasonably draw different conclusions as to

the factual question of gross negligence. This court concludes from plaintiff's petition and the evidence attempting to support it that the accident would not have happened except for the braking of the car by defendant which he did in an emergency honestly and sincerely believed by both plaintiff and defendant to exist at the time. *Kelly v. Gagnon,* 121 Neb. 113, 236 N. W. 160; *Belik v. Warsocki,* 126 Neb. 560, 253 N. W. 689. There is a rule of law in this state that a rate of speed which would amount to gross negligence in one case might, amid different surroundings and dissimilar circumstances, fall far short thereof. *Sheehy v. Abboud,* 126 Neb. 554, 253 N. W. 683; *Thurston v. Carrigan, supra.* Therefore, even if speed be regarded as a contributing cause and, thereby, negligence of defendant established, still under the circumstances it fails to rise to the condition of gross negligence as that term is employed in the guest statute. This court has decided questions of like import recently in *Heesacker v. Bosted,* 131 Neb. 42, 267 N. W. 177, and *Gosnell v. Montgomery, supra,* and they are controlling.

It is the opinion of the court that the motion of defendant to dismiss plaintiff's case at the conclusion of his evidence was not erroneously sustained, and the judgment is
AFFIRMED.