EARL F. JENNINGS, APPELLANT, v. RUSSELL N. LOWREY, APPELLEE.

97 N. W. 2d 345

Filed July 3, 1959. No. 34570.

McCown, Wullschleger & Baumfalk, for appellant.

John E. Dougherty, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action where plaintiff, a guest passenger,

seeks to recover damages for injuries received when a car which defendant was driving and in which plaintiff was riding overturned at a highway intersection. The right to recover is based on alleged gross negligence of the host driver under the provisions of section 39-740, R. R. S. 1943. At the close of all the evidence the court sustained a motion of the defendant to dismiss plaintiff's cause of action. A motion for a new trial was overruled. Plaintiff appeals.

We reverse the judgment of the trial court and remand the cause.

The evidence is here stated under the established rule that such a motion admits the truth of all competent evidence favorable to the party against whom the motion is directed; that every controverted fact must be resolved in his favor; and that he is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

Defendant by answer admitted that the accident occurred; that plaintiff was injured; and that plaintiff was a guest. Defendant pleaded contributory negligence and assumption of risk.

As the matter is presented here the sole question for determination is whether there was evidence of gross negligence sufficient to present a jury question.

Court Street in the city of Beatrice is paved and runs east and west. Near the western limits but within the corporate limits of the city, the highway forms a "Y." The paved portion curves to the south and leads towards Fairbury. The street also goes directly west. That portion after the beginning of the curve is a graveled highway. The accident happened at the juncture of the two roads.

The maximum speed limit on Court Street, within the city, is 30 miles per hour. At the time the accident happened, about 2:30 a.m. on August 14, 1955, the maximum prima facie lawful speed limit on the highways of this state outside a city or village was 50 miles per

hour, subject to the further limitation that the speed shall not be greater than is reasonable and prudent under the conditions then existing, and that prima facie lawful limits do not relieve a driver from the duty to decrease speed "when approaching and going around curves." § 39-7,108, R. R. S. 1943.

Plaintiff alleged negligence in the following particulars: "(a) That defendant drove at a rate of speed of fifty-five miles per hour which was unreasonable and improper under the conditions, and in excess of the maximum speed allowed by law at said time and place. (b) That defendant failed to keep a proper lookout for what was ahead, within the range of his headlights. (c) That defendant failed to slow down before attempting to make the turn. (d) That defendant failed to heed the warning given to him by the plaintiff."

Plaintiff and defendant met at Fairbury about 10:30 p.m. on August 13, 1955. They, with another passenger, drove to Jansen where they visited dance halls. They left about 12:30 a.m. to return to Fairbury. In the meantime defendant had given a ride to a man and wife whom he was taking and did take to Beatrice. The original third party in this evening's events got out of the car near Fairbury. On the last portion of this trip plaintiff drove because defendant was "tired." They reached Beatrice, unloaded the man and wife, and started for Fairbury, going west on Court Street. There are two witnesses who testified that in their opinion defendant was driving in excess of 60 miles per hour as he approached the scene of the accident. Defendant fixed his speed at 35 to 45 miles per hour as he approached the scene of the accident. There is testimony that the speed was 65 to 70 miles per hour when 4 and then 2 blocks from the scene of the accident. About 4 or 5 blocks from the point of the accident plaintiff asked the defendant, "What's your hurry?" Defendant replied, "It's a little late; I should be getting home." About 2 blocks from the point of the accident plaintiff

said to defendant, "Remember * * * there's a corner coming up." Defendant answered, "Yes, I know it." Plaintiff noticed no speed change or slowing up.

There was a car coming from the south with its lights on. It was in or leaving the curve going east as defendant reached the curve to go south. About one-half block from the beginning of the curve defendant "touched" his brakes. The front wheels of defendant's car left the pavement. Defendant made an effort to turn the car to the left. In a sidewise movement, the car skidded 10 feet, hit a stop sign, and threw the plaintiff from the car. The car rolled over and came to a rest some 30 or more feet beyond. Plaintiff was seriously injured.

We discussed the rules of law and the statute here involved in O'Neill v. Henke, 167 Neb. 631, 94 N. W. 2d 322. There is no need to repeat what was there stated. We stated this concluding rule: A verdict should not be directed, or a cause of action dismissed, or a judgment entered notwithstanding the verdict, unless the court can definitely determine that the evidence of defendant's negligence, when taken as a whole, fails to reach such degree of negligence that is considered gross. Where the evidence of negligence falls within the area where reasonable minds can differ as to whether or not it establishes gross negligence then the determination of that question is for the jury.

There is evidence here of a rate of speed that, under defendant's testimony, was an illegal rate of speed. The jury could well have found under this evidence that the speed was dangerous, improper, and unreasonable under the circumstances. But evidence of speed does not stand alone.

The defendant obviously saw the approaching car. He took no action to control or stop the speed of his car to assure a safe passage around it save the "touching" of his brakes. The lights of an approaching car at night on a curve could well be found to be a potent

warning of the need of care. He was warned verbally. Defendant asserts that the question, "What's your hurry?" is not a protest of speed. This is the caution which we held was sufficient in O'Neill v. Henke, *supra*. Defendant was not only warned about approaching the corner but stated he knew about it. The evidence would sustain a finding of reckless disregard of the safety of the guest.

We conclude that the evidence is sufficient to bring the case within the rule that reasonable minds could differ as to whether or not it constituted gross negligence and brings the cause within the area of determination reserved for the jury.

The defendant in his brief here argues the admissibility of certain evidence, and the effect of evidence impeaching the testimony of plaintiff as to the speed of defendant's car. There is no cross-appeal and there are no assignments of error made by the defendant. Those questions are not here and are not determined.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.