ZEV ZOIMEN, APPELLANT, V. MENDEL LANDSMAN, APPELLEE.
223 N. W. 2d 49

Filed November 7, 1974. No. 39397.

Alfred A. Fiedler of Fiedler & Fiedler, for appellant.

John R. Douglas and Michael Kinney of Cassem, Tierney, Adams & Henatsch, for appellee.

John C. Gourlay, James A. Lane, John P. Miller, Milton C. Murphy, Richard Van Steenberg, and J. Patrick Green, for amicus curiae.

. Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is a personal injury automobile accident case brought by the passenger, plaintiff Zoimen, against the driver, defendant Landsman, as the result of a single car accident in which the driver collided with a telephone pole on a public street in the City of Omaha, Nebraska. The court directed a verdict of dismissal at the end of plaintiff's case, and the plaintiff appeals. We affirm the judgment of the District Court.

The issues presented by this case are: (1) Did the District Court err in not permitting the question as to whether the plaintiff was or was not a guest to go to the jury; (2) in holding as a matter of law that the defendant driver of the automobile was not guilty of gross negligence; and (3) whether the plaintiff properly presented the question of the constitutionality of the Nebraska guest statute, section 39-740, R. R. S. 1943, now section 39-6,191, Reissue of 1974.

The pertinent facts are: The plaintiff and the defendant had known each other for some years because of a prior working relationship. In early 1971, plaintiff got a job in Omaha working as a ritual slaughterer. He rented a room near defendant's home, and during that period he rode to work with a third person. Plaintiff would return to Chicago on the weekends and would take a cab to and from the airport during that period. In August of 1971, he again returned to Omaha and rented the same room as before. He had been riding to work with the defendant each day for 3 weeks prior to the accident. The plaintiff continued his practice of flying to Chicago on the weekends. However, upon his return rather than using a cab to get to his Omaha room, defendant would pick him up at the airport. On three different occasions the plaintiff had given the defendant $2 for picking him up at the airport to defray

his expenses for running his car. The accident happened, however, while the plaintiff and the defendant were returning home from work during the week. The accident causing the plaintiff's injuries occurrred when the defendant suddenly passed out while driving his car and it struck a telephone pole. Prior to the accident, both parties had been carrying on a normal conversation. The expert witness of the plaintiff testified that the defendant's passing out or "sleepiness" *could* be attributed to a hay fever drug. The defendant's doctor had never warned the defendant not to drive while he was taking the drug. After the accident, the defendant was hospitalized for 5 days. During that period the defendant was given numerous tests to determine why he lost consciousness. The evidence shows there was no definite determination that the drug caused the loss of consciousness, and the final diagnosis stated: "* * * possible seizure disorder, cause unknown, possibly related to trauma."

The plaintiff asserts that the question of whether the plaintiff was a mere passenger and not a guest in the defendant's car should have been submitted to the jury. The evidence shows that on three occassions the plaintiff gave the defendant $2 in connection with picking him up at the airport after his weekend trips to Chicago. During the week the defendant had been taking the plaintiff to work regularly and it was on one of these occasions that the accident happened. There is no evidence at all that there were any arrangements or any payments made for these daily trips. The test as to whether a passenger is a guest within the purview of the statute is: "A benefit removing an occupant riding in the motor vehicle of another from the provisions of the guest statute must be a *tangible and substantial* one to the owner and a *motivating influence* for his furnishing the transportation. A remote, vague, incidental, or speculative benefit is not sufficient to have that effect. *This is the basis of the rule that the sharing*

*of the cost of operating the car or other expenses of the trip, when the acceptance of the occupant for conveyance is not motivated by or conditioned on such contribution, is incidental, an exchange of social amenities, and does not transform the occupant into a passenger for compensation."* (Emphasis supplied.) Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593. Not only is there no evidence of any payments for this particular trip or the trips taking the plaintiff back and forth from work, but the plaintiff himself testified affirmatively as follows:

"Q. Now, you worked here about three weeks in August before this accident, right?

"A. Yes.

"Q. And it was your practice to walk over to Rabbi Landsman's house every morning and wait for him and ride to work with him?

"A. Yes, sir.

"Q. And you used to wait out by the driveway?

"A. Yes, sir.

"Q. And as I understand it Rabbi Landsman never came over to your house and picked you up?

"A. He picked me up a couple of times.

"Q. Most of the time you would walk over to him?

"A. Yes, sir.

"Q. You never had any talks with Rabbi Landsman about him giving you a ride to work, I think you said it was just that you lived so close together it worked out that way?

"A. *Yes, we didn't make any arrangements.*

"Q. You made no arrangements?

"A. No.

"Q. It. was just that you were living close to each other and you were both working at the same place?

"A. Yes, sir.

"Q. And that's why you went over there?

"A. Yes, sir.

"Q. Rabbi Landsman never asked you for any money in the morning?

"A. No, sir.

"Q. And you never gave him any in the mornings?

"A. No, sir." (Emphasis supplied.)

Even giving maximum import to the three $2 payments for the airport travel, the only possible conclusion that can be made is that the money given to defendant was incidental in character and was not the defendant's motivating influence in providing transportation for the plaintiff under the above rule. Under the plaintiff's own testimony, no money was given the defendant at all for the regular daily trips and the only possible construction to be placed upon the three airport "payments" was that it was a pure gratuity, resulting from hospitality and friendship between the parties and that therefore the payment was incidental in character and was not the defendant's motivating influence in providing transportation for the plaintiff. The trial court's determination on this issue was correct.

The plaintiff next contends that even if the plaintiff were a guest for the purposes of the statute, the evidence was sufficient to submit the issue of gross negligence to the jury because the defendant was grossly negligent in "passing out" or in falling asleep while operating his motor vehicle. The definition of gross negligence, under our statute, is defined as "* * * great and excessive negligence * * *. It indicates the absence of slight care in the performance of duty." Hess v. Holdsworth, 176 Neb. 774, 127 N. W. 2d 487. The principles governing our appellate judicial review of this question in a guest case are well settled. If the evidence is conflicting and reasonable minds could draw a different conclusion, it is for the jury. But, when the evidence is resolved most favorably to the existence of gross negligence, and thus the facts are determined, the inquiry of whether or not they support a finding of gross negligence is one of law for the court. Thorpe v. Zwonechek,

177 Neb. 504, 129 N. W. 2d 483; Ottersberg v. Holz, 159 Neb. 239, 66 N. W. 2d 571; Morris v. Erskine, 124 Neb. 754, 248 N. W. 96; Lincoln v. Knudsen, 163 Neb. 390, 79 N. W. 2d 716; Werner v. Grabenstein, 165 Neb. 231, 85 N. W. 2d 297. It is conclusive under the evidence, much of which we have recited herein, that the sole proximate cause of the accident was the seizure, falling asleep, or the passing out of the defendant as he drove along the street. There is no evidence of excessive speed, intoxication, failure to keep a proper lookout, or the violation of any state statute or city ordinance. Broadly stated the sole question for our determination is whether losing consciousness, or falling asleep momentarily, is per se evidence sufficient to submit to the jury the issue of gross negligence. The hospital diagnosis of the defendant's loss of consciousness was cause unknown. The plaintiff's own expert witness testified that he *could not say with medical certainty* that the defendant fell asleep as a result of the hay fever drug or whether he had some sort of a seizure disorder. The defendant's doctor had never warned or told the defendant not to drive an automobile or warned him that there was any danger from taking the hay fever drug.

This court has laid down the general principles governing the examination of factual situations to determine whether there is sufficient evidence of gross negligence. The presence of imminence of danger visible to, known by, or made known to a driver, together with a persistence in negligence heedless of the consequences, are factors to be given material, if not controlling, consideration in the determination of this question. Thorpe v. Zwonechek, *supra;* Gummere v. Mudd, 139 Neb. 370, 297 N. W. 622; Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184; Born v. Estate of Matzner, *supra.*

The plaintiff cites no authorities or cases that sustain the proposition that falling asleep or a momentary loss of consciousness, per se, is evidence of gross negligence. The defendant's evidence is that he became suddenly ill

and did not "fall asleep". What we do know is that the defendant's loss of consciousness was sudden and momentary. There is no medical or lay testimony to the effect that the defendant went through the normal process of "falling asleep" immediately prior to the accident. This court has stated that the single act of falling asleep is evidence of negligence sufficient to be submitted to the jury. Hansen v. Lawrence, 149 Neb. 26, 30 N. W. 2d 63. On the other hand, we have not stated that falling asleep without more is evidence of gross negligence. In our previous decisions, a number of which are cited in this opinion, we have pointed out that it is difficult to colormatch the facts and circumstances of each particular case. The plaintiff has the burden of proof and it is clear there is no evidence before this court except that the defendant suffered a momentary loss of consciousness, the cause of which is unknown. It was not coupled with any other acts of negligence or violations of statutes or ordinances. We agree with the trial court that under these circumstances, with a momentary loss of consciousness and no more, there is no showing of gross or excessive negligence or a lack of even slight care under the circumstances. There is an utter lack of evidence that the defendant had knowledge of or was warned of any imminent danger or that there were any acts or conduct on his part which indicated a persistence in the continuation of any previous negligent acts sufficient to sustain a finding of gross negligence. In LaVigne v. LaVigne, 176 Ore. 634, 158 P. 2d 557, the plaintiff sustained injuries when the automobile in which he was riding as a guest collided with a trackless trolley bus coming from the opposite direction. The evidence showed that the driver lost control of his car and failed to keep a proper lookout because of having fainted at the wheel. In reversing a judgment on a verdict for the plaintiff, the Supreme Court of Oregon said as follows: "We think the only reasonable deduction that can be made from the evidence is that the collision was caused

by the fainting of the defendant driver. If such conclusion is sound, it is clear that a charge of gross negligence cannot be based thereon."

We have examined the plaintiff's authorities carefully. He cites several cases to the effect that the evidence of falling asleep at the wheel is evidence of negligence. We have no quarrel with these authorities. Primarily the plaintiff relies upon the case of Kaufman v. Tripple, 180 Neb. 593, 144 N. W. 2d 201. This case is clearly distinguishable and by inference supports the conclusion that we have reached herein. In that case the court summarized the facts as follows: "We think the evidence of Tripple's drinking throughout the day, the testimony of the patrolman that Tripple was intoxicated at the time of the accident, his admission that he fell asleep at the wheel, and his failure to comply with warning and stop signs is sufficient to warrant the submission of Tripple's gross negligence to the jury." In that case, therefore, there was evidence of the defendant's admission he was intoxicated at the time of the accident and during this period of time he fell asleep at the wheel; and there were other acts of negligence coupled with this situation consisting of violation of warning and stop signs, all of which together warranted the submission of the case to the jury. We therefore hold that under the facts and circumstances of this case the momentary loss of consciousness by the defendant, with nothing more appearing, was insufficient to support a finding of gross negligence and that the District Court was correct in so holding.

Lastly, the plaintiff seeks to contend that the Nebraska guest statute, section 39-740, R. R. S. 1943, is unconstitutional and therefore he was entitled to go to the jury on the issue of simple negligence. The record shows that the plaintiff failed to challenge the constitutionality of the law until after the District Court had sustained the defendant's motion to dismiss the plaintiff's petition. Moreover, the record shows that the entire case was

tried upon the theory that the Nebraska guest statute applied. The defendant in his answer alleged that the plaintiff's suit was barred by the guest statute, and the plaintiff filed a reply in which he did not raise any issue of constitutionality but affirmatively alleged that he relied upon the provision of section 39-740, R. R. S. 1943, that the statute did not apply if the guest was driven for hire. The evidence also shows that one of the central, if not the major, fact issues tried in the case by the parties was the question of whether the plaintiff was a guest or a passenger for hire. There are two answers to the plaintiff's contention in this situation. First, having tried this case by reliance on an exception contained in the guest statute, he cannot, after having failed to qualify for the exception in the statute, attack the constitutionality of the entire statute. "A litigant who invokes the provisions of a statute may not challenge its validity. He may not seek the benefit of it and at the same time and in the same action question its constitutionality." Read v. City of Scottsbluff, 179 Neb. 410, 138 N. W. 2d 471. See, also, Shields v. City of Kearney, 179 Neb. 49, 136 N. W. 2d 174.

Secondly, a more decisive answer is found in our recent holding in Hale v. Taylor, *ante* p. 298, 220 N. W. 2d 378, an opinion filed by this court on July 18, 1974, 4 days before the final briefs of the parties in this case were filed. There, we stated as follows: "Plaintiff attempted to raise the *constitutionality of the guest statute* by an amendment to her motion for new trial. No allegation of unconstitutionality appears in the amended petition. *Defendant definitely relied on the guest statute in his answer.* Plaintiff's reply simply denies that plaintiff was a guest passenger and *does not allege unconstitutionality of the statute.* No issue of unconstitutionality was before the District Court when the motion for summary judgment was presented and determined. Section 25-1142, R. R. S. 1943, provides for motions for new trial and its first sentence reads: 'A new

trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or decision by the court.' Plaintiff's motion for new trial asked the District Court to determine a new issue rather than to reexamine an issue previously decided. *A new issue is not a ground for the granting of a motion for new trial.* § 25-1142, R. R. S. 1943. In Metropolitan Utilities Dist. v. Merritt Beach Co., 179 Neb. 783, 140 N. W. 2d 626, the court said: 'It is a general rule that the constitutionality of a legislative act *must be raised at the earliest opportunity consistent with good pleading and orderly procedure,* or it will be considered as waived.' In Norlanco, Inc. v. County of Madison, 186 Neb. 100, 181 N. W. 2d 119, the court quoted with approval from Yakus v. United States, 321 U. S. 414, 64 S. Ct. 660, 88 L. Ed. 834, as follows: 'No procedural principal is more familiar to this court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' In Consumers Public Power Dist. v. City of Sidney, 144 Neb. 6, 12 N. W. 2d 104, the court said: 'The question of constitutionality not being an issue under the pleadings filed, this court may not properly pass upon it.' * * * The question of the unconstitutionality of the guest statute is not properly before us on the record in this case. In addition there has been no compliance with Rule 18 of the 1971 Revised Rules of this court requiring that a party presenting a case involving the constitutionality of a statute must file a written notice thereof with the Clerk of this court at the time of filing his brief and serve a copy of the brief on the Attorney General within 5 days of the filing of the brief with this court." (Emphasis supplied.)

As in the above case there was no compliance with Rule 18 of the rules of this court requiring that a party presenting a case involving the constitutionality of a statute must file a written notice thereof with the Clerk

of this court and serve a copy of the brief on the Attorney General. We therefore come to the conclusion that the issue of constitutionality of section 39-740, R. R. S. 1943, the guest statute, is not properly before us on the record in this case.

We therefore hold that the District Court was correct in determining that the plaintiff was a guest passenger as a matter of law and in sustaining a motion for a directed verdict and dismissing the case because of the insufficiency of the evidence to sustain a finding of gross negligence.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.