KARL J. LUTHER, ADMINISTRATOR OF THE ESTATE OF MICHAEL E. LUTHER, APPELLANT, v. TIMOTHY W. PAWLING ET AL., APPELLEES.
240 N. W. 2d 42

Filed April 1, 1976. No. 40160.

Thomas B. Thomsen of Sidner, Svoboda, Schilke, Wiseman & Thomsen, for appellant.

Clinton J. Gatz, Jr., of Jewell, Otte, Gatz, Collins & Domina, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action for the wrongful death of Michael E. Luther, a minor, brought by the decedent's father as administrator of his estate, against Timothy W. Pawling, the driver of the car in which Mike was a passenger, and Duane E. Pawling, the owner of the car and the father of Tim W. Pawling. The District Court sustained the defendants' motion ·for a summary judgment. We affirm the judgment of the District Court.

The pertinent facts follow: On August 15, 1972, the day of the accident, Mike Luther, his sister, Debbie, Tim Pawling, and his three younger sisters were all working in the bean fields of Mr. Krohn, a neighbor. The Pawlings and the Luthers were first cousins to each other. Tim and Mike had worked in the bean fields before, and it appears that Krohn had contacted Mrs. Pawling to see if the children wanted to work for him, and that subsequently they did. When Krohn paid the children for their work, he gave one check to the Luthers and one check to the Pawlings.

There are some discrepancies in the evidence as to how Tim and Mike got to the bean fields in the days preceding the accident, but none on any of the material facts pertinent to the issues presented in this case. Mike furnished his own transportation to the Pawling house. From there, either Tim, or Tim and Mike by turns, drove to Krohn's bean fields. In any event, on the day of the accident, Tim drove, with Mike, Mike's sister, and the three Pawling girls in the car. On the return trip from Krohn's farm, while traveling on a gravel road, the accident occurred. It occurred at a culvert with cement walls that, in effect, formed a cement bridge. *This bridge was narrower than the gravel road leading up to the bridge.* The car hit the cement side and ended up in a ditch.

None of the survivors of the accident remember anything about the accident itself. Debbie Luther, the sister of the decedent, testified in a deposition that at some time prior to the accident, the car swerved to the shoulder of the road. Debbie then noticed that according to the speedometer the car was traveling at 60 miles per hour. At another point later, Debbie saw Tim, the driver, reaching with one hand under the seat for a missing cupcake. Debbie testified that she saw Tim act in this manner for several seconds, but she did not know if Tim kept his eyes on the road. Debbie did not remember how much time elapsed between Tim's reaching down

for the cupcake and the accident. Debbie remembers nothing of the accident itself.

The issue arises in this case from the sustaining of the defendants' motion for a summary judgment. It is incumbent upon the defendants to demonstrate from the record that there was no genuine issue as to any material fact, and that under the applicable law they were entitled to judgment in their favor. Berg v. Rasmuss, 176 Neb. 340, 125 N. W. 2d 905; Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643.

First, the plaintiff contends that there is a genuine issue of fact as to the decedent's status as a "guest" within the meaning of the guest statute, section 39-6,191, R. R. S. 1943. For our purposes, this statute requires that in order for a guest in a motor vehicle to recover against his host for injuries suffered in a motor vehicle accident, he must prove that the host was grossly negligent.

The law in this state concerning what is a "guest" is clear. The burden is on the plaintiff to prove that he is not a guest. See Lincoln v. Knudsen, 163 Neb. 390, 79 N. W. 2d 716. In determining that an occupant of an automobile was a guest, the court in Carter v. Chicago, B. & Q. R. R. Co., 170 Neb. 438, 103 N. W. 2d 152, said: "'The question of whether a person riding in a motor vehicle is a guest, or engaged in a joint enterprise, or other relationship, is generally one for determination in the individual case. It must be ascertained from facts establishing the identity of the persons advantaged by the carriage, the relationship between the parties, and the purposes to which the transportation is incident.' * * * 'A person riding in a motor vehicle is a guest if his carriage confers only a benefit upon himself and no benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like, as a mere gratuity.' * * * 'A benefit to the owner or operator of a motor vehicle sufficient to remove an occupant riding in it from the provisions

of the guest statute must be a tangible and substantial one and a motivating influence for his furnishing the transportation.' "

In a very recent case, Zoimen v. Landsman, 192 Neb. 561, 223 N. W. 2d 49, where the evidence showed that on three occasions the plaintiff *gave* the defendant $2 in connection with picking him up at the airport after his weekend trips to Chicago, this court stated the rule more particularly applicable to the facts in this case as follows: " 'A benefit removing an occupant riding in the motor vehicle of another from the provisions of the guest statute must be a *tangible and substantial* one to the owner and a *motivating influence* for his furnishing the transportation. A remote, vague, incidental, or speculative benefit is not sufficient to have that effect. *This is the basis of the rule that the sharing of the cost of operating the car or other expenses of the trip, when the acceptance of the occupant for conveyance is not motivated by or conditioned on such contribution, is incidental, an exchange of social amenities, and does not transform the occupant into a passenger for compensation.*' "

In the case here, the decedent Mike was clearly a guest of the defendant, Tim Pawling. The defendant Tim and the decedent were first cousins and, as the plaintiff concedes were "good friends." There is no evidence that there was any prior arrangement or agreement concerning the transportation. See Zoimen v. Landsman, *supra.* The evidence conclusively negates the passage of any compensation or thing of value between Tim and Mike with relation to the trip that they were on or any other transportation in the working arrangement for Krohn. They were simply traveling to work together. There is no evidence to indicate that Tim and Mike were on a joint business venture such that Tim would not have gone to work without Mike. Rather, the undisputed facts show that they were both working for the same employer, Krohn, and Tim merely offered Mike a ride to work because they were good friends. Even if Tim and

Mike did take turns driving, and there is some evidence to this effect, this does not mean that Mike was not a guest. It is clear that any possible exchange in driving between the two boys was a gratuitous matter, resulting from hospitality and friendship between the boys, and was purely incidental in character. It appears clearly that it was not the defendant Tim's motivating influence in providing transportation for the plaintiff's decedent, Mike. This case is much stronger than Zoimen v. Landsman, *supra,* where there was an exchange of money between the parties, but the evidence showed that it was a pure gratuity on the guest's part and did not result from any prior arrangement or agreement for transportation compensation. We come to the conclusion that the trial court's determination of this issue was correct.

We turn now to the further contention, apparently anticipated by the plaintiff, that there was a genuine issue of fact concerning Tim's gross negligence. Gross negligence within the meaning of the motor vehicle guest statute means gross and excessive negligence or negligence in a very high degree; the absence of slight care in the performance of duty; an entire failure to exercise care; or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the safety of others. Brugh v. Peterson, 183 Neb. 190, 159 N. W. 2d 321; Callen v. Knopp, 180 Neb. 421, 143 N. W. 2d 266. Negligence that is purely momentary in nature generally does not constitute gross negligence. See Brugh v. Peterson, *supra,* at p. 194. In our past decisions we have commented upon the difficulty of color-matching cases in this area. However, beyond what we have said above about the principles governing the determination of gross negligence, we have held to be significant the presence or imminence of danger that is visible to, known by, or made known to a driver, together with the *persistence* in negligence apparently heedless of the consequences. These factors should be

given material, if not controlling, significance. Thorpe v. Zwonechek, 177 Neb. 504, 129 N. W. 2d 483; Gummere v. Mudd, 139 Neb. 370, 297 N. W. 622; Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593.

There is no evidence of great or excessive negligence in this case. In fact, there is no evidence at all as to what actually caused the accident. Nobody in the car remembers anything about the accident. The decedent's sister, Debbie Luther, remembers that at several times prior to the accident, Tim was driving in such a manner that it might be argued he was momentarily negligent. However, there is absolutely no evidence as to how Tim was driving when the accident occurred. The last thing Debbie remembered was Tim reaching for a cupcake. Debbie had no idea if this was several seconds or several minutes before the accident occurred. Gross negligence on the part of the driver must be proved by the plaintiff. In Wees v. Creighton Memorial St. Joseph's Hospital, 194 Neb. 295, 231 N. W. 2d 570, this court said: "In an action for negligence the burden is on the plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it. * * * The burden of proving a cause of action is not sustained by evidence from which the jury can arrive at its conclusion only by mere guess or conjecture. * * * Negligence is never presumed. The mere happening of an accident does not create a presumption or authorize an inference of negligence." See, also, Bowers v. Maire, 179 Neb. 239, 137 N. W. 2d 796; Wolstenholm v. Kaliff, 176 Neb. 358, 126 N. W. 2d 178.

The mere happening or occurring of a one-car accident with a bridge or culvert abutment does not, as a matter of law, justify an inference of gross negligence under our decisions. It is conceded by the parties that the evidence with relation to the accident has been fully explored in this record leading to the motion for a summary judgment. Resolving all inferences in favor of the

plaintiff, as we are required to do, we cannot infer gross negligence from suspicion or conjecture arising from the fact that it was a one-car accident in collision with the bridge, nor from the actions of the defendant driver at some unknown time prior to the accident and not shown to relate to any lack of control or lookout that could be the proximate cause of the accident. We further point out, that even if the accident occurred when the defendant driver reached for the cupcake, not inferable from the record, this would not constitute gross negligence but would rather be mere momentary distraction of attention. See, Brugh v. Peterson, *supra*; Boismier v. Maragues, 176 Neb. 547, 126 N. W. 2d 844.

The judgment of the District Court in entering summary judgment for the defendants is correct and is affirmed.

AFFIRMED.