MARY K. STROTHER, BY HER PARENT AND NEXT FRIEND, S. W. STROTHER, APPELLANT, V. PAUL C. HEROLD ET AL., APPELLEES.

433 N.W.2d 535

Filed January 6, 1989.   No. 87-298.

Edward D. Hotz, of Hotz, Kizer & Wintz, P.C., for appellant.

Thomas A. Otepka, of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee Monie.

HASTINGS, C.J., GRANT, and FAHRNBRUCH, JJ., and HENDRIX and OLBERDING, D. JJ.

FAHRNBRUCH, J.

Claiming Paul C. Herold and Kevin J. Monie were involved in a joint enterprise in the operation of a motor vehicle in which she was a passenger, Mary K. Strother sued them both for injuries she suffered when the vehicle hit a mailbox post and a tree.

The Douglas County District Court dismissed the case as to Monie on his motion for summary judgment. We affirm.

A motion for summary judgment shall be granted if the pleadings, depositions, and admissions on file, together with the affidavits, if any, and any inferences to be drawn therefrom, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In reviewing a summary judgment, this court must take the view of the evidence most favorable to the party against whom the motion is directed and give that party the benefit of all

favorable inferences which may be drawn from the evidence. Summary judgment is an extreme remedy to be awarded only when the issue is clear beyond all doubt. *Muller v. Thaut, ante* p. 244, 430 N.W.2d 884 (1988).

Sometime prior to the evening of the accident, Herold and Monie arranged to attend a dance at the University of Nebraska at Omaha. Monie procured beer for the evening. Each of the boys paid, or was to pay, for that portion of the beer he, or friends selected by him, would consume. At the time of the accident, Herold was driving his parents' 1977 Ford Granada. Strother was riding in the front passenger seat, and Monie was riding behind her in the back seat.

Herold and Monie, both high school students, met socially nearly every weekend. Sometimes, Herold would drive one of his parents' cars, and sometimes Monie would drive when he had a car at his disposal. These social outings often included drinking beer.

Before the accident, Herold and his date, Strother, arrived at Monie's home early in the evening. All three parties drank some beer. The trio left Monie's home in the Ford Granada. The vehicle, driven by Herold, proceeded toward the Creighton Prep school area to pick up a friend of Monie's. A short time after leaving Monie's home, Herold lost control of the car. The vehicle hit a mailbox post and a large tree, injuring Strother.

Strother sued both boys, claiming that they were involved in a joint enterprise and were therefore equally liable for her injuries. Herold's parents were also made defendants, but they are not involved in this appeal.

To constitute joint enterprise, there must be an agreement to enter into an undertaking. The parties must have a community of interest in the object of the undertaking and a common purpose in performance. Each of the parties must have equal voice in the manner of performance and control over the agencies used. In order for automobile occupants to constitute joint adventurers, there must be not only joint interest in the objects and purposes of the enterprise, but also an equal right to direct and control the conduct of each other in the operation of the automobile. See, *Kremlacek v. Sedlacek,* 190 Neb. 460, 209 N.W.2d 149 (1973); *Kleinknecht v. McNulty,* 169 Neb. 470, 100

N.W.2d 77 (1959); *Bartek v. Glasers Provisions Co., Inc.*, 160 Neb. 794, 71 N.W.2d 466 (1955).

If Herold and Monie were involved in a joint enterprise at the time of the accident, Herold's negligence, if any, may be imputed to Monie, making Monie equally responsible. However, if Monie was merely a guest in the car, he is not responsible for Strother's injuries unless he, too, was negligent. See *Bartek, supra*. There is no allegation that Strother's injuries were proximately caused by negligence on the part of Monie except as a joint adventurer with Herold.

> " 'The question of whether a person riding in a motor vehicle is a guest, or engaged in a joint enterprise, or other relationship, is generally one for determination in the individual case. It must be ascertained from facts establishing the identity of the persons advantaged by the carriage, the relationship between the parties, and the purposes to which the transportation is incident.' . . . 'A person riding in a motor vehicle is a guest if his carriage confers only a benefit upon himself and no benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like, as a mere gratuity.' . . . 'A benefit to the owner or operator of a motor vehicle sufficient to remove an occupant riding in it from the provisions of the guest statute must be a tangible and substantial one and a motivating influence for his furnishing the transportation.' "

*Luther v. Pawling*, 195 Neb. 679, 682-83, 240 N.W.2d 42, 44 (1976), quoting *Carter v. Chicago, B. & Q. R.R. Co.*, 170 Neb. 438, 103 N.W.2d 152 (1960).

Monie claims that he was merely a guest in Herold's car, because he did not have an equal right to control the vehicle. Strother contends that reasonable people could infer Monie's right to control the vehicle from certain facts in the record. Specifically, Strother points to Monie's testimony that he had previously driven Herold's car with Herold's consent. Strother also relies on Monie's testimony that he told Herold that his friend lived in the Creighton Prep area and that Monie was to give Herold specific directions on how to reach the home of Monie's friend when they were in the Creighton Prep area.

During his deposition, Monie testified:

> Q. Did you ever drive a car that Paul had that was made available to Paul?
>
> A. Yes.
>
> Q. Which car? The Granada or the station wagon or the Buick?
>
> A. I don't really remember. I remember I had but I don't remember which one and when. We were in both of them a bunch of times.

When asked if he had ever allowed Monie to drive his car, Herold responded, "Not that I know of." Taking the view most favorable to Strother, we must assume that Monie had driven at least one of Herold's cars at some time, though not on a consistent basis or even often enough for Herold to remember. It is difficult to see how a reasonable person could infer from this evidence that Monie had an equal right to drive or control Herold's vehicle the evening of the accident.

Regarding Monie's giving Herold directions, both boys testified that Herold did not know where Monie's friend lived. Monie told Herold to drive to the Creighton Prep area. At the time of the accident, Herold was driving toward the area without direction from Monie. Monie was to give Herold specific directions when they neared the friend's home.

We have previously decided that a passenger's giving general directions to a driver does not rise to the level of control necessary to form a joint enterprise between driver and passenger. See *Bartek, supra.* In that case, Mrs. Bartek, who owned the vehicle, directed her husband to pick up her sister on the way to their ultimate destination. Were we to adopt the appellant's theory, we would, in effect, be ruling that any time a passenger directs a driver to a destination, the passenger and driver are in equal control of the vehicle. We decline to adopt such a rule.

Viewing the evidence in the light most favorable to Strother, we cannot infer, as a matter of law, that Monie was anything other than a guest in Herold's car on the evening of April 4, 1986. There was no evidence at the summary judgment hearing to justify submitting the case against Monie on the theory of joint enterprise. The trial court was correct in granting Monie's

motion for summary judgment.

The judgment of the trial court is affirmed.

AFFIRMED.