VICKY KLUNDT, AS PARENT AND NATURAL GUARDIAN OF JENNIFER KARR, FORMERLY A MINOR, AND VICKY KLUNDT, INDIVIDUALLY, APPELLANT, AND JENNIFER KARR, APPELLEE, v. STEVEN D. KARR, APPELLEE.

624 N.W.2d 30

Filed April 6, 2001.   No. S-00-014.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

J. Arthur Curtiss, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Steven D. Karr.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Appellant, Vicky Klundt, individually and as parent and natural guardian of her daughter, appellee Jennifer Karr, brought suit against appellee Steven D. Karr, Vicky's ex-husband and the father of Jennifer. Vicky and Jennifer alleged that Jennifer suffered severe and permanent injuries when she fell from the back of a pickup truck being operated by Steven. Vicky and Jennifer claimed that Steven was grossly negligent in allowing Jennifer to ride on the tailgate of the pickup and should be liable for Jennifer's injuries. The case proceeded to a jury trial. At the close of Vicky and Jennifer's evidence, Steven made an oral motion for a directed verdict alleging four grounds. However, the trial court decided this motion on the ground that the negligence of Steven was not gross. The trial court granted the

motion for directed verdict. Vicky appeals, and this court removed this case from the Nebraska Court of Appeals under our power to regulate the caseloads of this court and the Court of Appeals.

## BACKGROUND

On May 16, 1992, Steven allowed Jennifer, then 13 years of age, and her friend Tara Folsom, approximately the same age, to ride in the back of his pickup while driving around Pawnee Lake which was only 1½ to 2 miles away from Steven's house. Steven usually did not let anyone ride in the back of the pickup and was told by Vicky the night before not to let the girls ride in the back of the pickup. Steven could see the girls in the back of the pickup through the pickup's mirrors and looked back at them frequently. Steven was traveling approximately 25 m.p.h. in a 50-m.p.h. speed zone around the lake. The road surface was asphalt. Steven testified that he was driving around the lake when he heard the tailgate come down. Then, in a matter of seconds, Jennifer fell or jumped out of the back of the pickup.

Tara testified that Jennifer put the tailgate down and that the two of them scooted out onto the tailgate and rode that way for 3 or 4 minutes. Tara also testified that as they were riding they saw some boys along the side of the road and that Jennifer asked, "Should I jump?" and "Do you want me to jump?" Tara told her "no." Tara then testified that shortly after asking these questions, Jennifer "jumped or whatever." Tara did not actually see Jennifer go off the pickup. Jennifer sustained a brain injury, lost consciousness, and remained unresponsive in a "week-long coma." Jennifer does not remember the accident. Jennifer has received treatment and therapy from psychologists, speech and language therapists, physical therapists, occupational therapists, and social workers and has participated in a rehabilitation program.

At the conclusion of Vicky and Jennifer's evidence, the trial court sustained Steven's motion for directed verdict, finding insufficient evidence to establish Steven's gross negligence.

## ASSIGNMENTS OF ERROR

Vicky assigns that the trial court erred (1) in finding the evidence insufficient, as a matter of law, to establish gross negli-

gence on the part of Steven and (2) in granting Steven's motion for directed verdict.

### STANDARD OF REVIEW

■ In reviewing the action of a trial court, an appellate court must treat a motion for directed verdict as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999); *Corcoran v. Lovercheck*, 256 Neb. 936, 594 N.W.2d 615 (1999); *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999).

■ On appeal from an order of a trial court dismissing an action at the close of the plaintiff's evidence, an appellate court must accept the plaintiff's evidence as true, together with reasonable conclusions deducible from that evidence. *Snyder v. Contemporary Obstetrics & Gyn.*, 258 Neb. 643, 605 N.W.2d 782 (2000); *Alexander v. Warehouse*, 253 Neb. 153, 568 N.W.2d 892 (1997).

### ANALYSIS

On appeal, Vicky argues that construing the evidence in the light most favorable to the plaintiff, the jury could find or infer from the evidence that (1) Steven, knowing of the dangers of riding in the back of a pickup, permitted Jennifer and Tara to ride unattended in the back; (2) while driving, Steven was aware that Jennifer had lowered the tailgate and that both girls were sitting on it with their feet hanging down off of it; and (3) Steven continued to operate the vehicle, knowing the two girls were on the tailgate for "4 to 5 minutes, at a speed of 25 to 30 m.p.h. over gravel county roads, until Jennifer fell from the tailgate." Brief for appellant at 10. However, there is evidence in the record which states the time at 3 or 4 minutes. Exhibits 15 to 31 show the accident happened on an asphalt road. Vicky contends that this evidence is sufficient to create a jury question regarding whether Steven's conduct was grossly negligent under Nebraska's guest statute, Neb. Rev. Stat. § 25-21,237 (Reissue

1995). We note that at the time of the incident, May 16, 1992, Neb. Rev. Stat. § 39-6,191 (Reissue 1998) was then in effect. However, 1993 Neb. Laws, L.B. 370, operative January 1, 1994, amended that statute without substantive change.

Steven contends that the guest statute requires gross negligence in the operation of a motor vehicle. Steven concludes that (1) he was not grossly negligent in his "operation" of his vehicle and that there was not sufficient evidence to establish his actions constituted gross negligence and (2) any negligence, gross or otherwise, on the part of Steven was not the proximate cause of the accident or Jennifer's damages because this accident could not be considered "probable" under the definition of proximate cause.

Section 25-21,237 states in pertinent part:

> The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person related to such owner or operator as spouse or within the second degree of consanguinity or affinity who is riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by (1) the driver of such motor vehicle being under the influence of intoxicating liquor, or (2) the gross negligence of the owner or operator in the operation of such motor vehicle.

Gross negligence, within the meaning of the Nebraska guest statute, means gross and excessive negligence or negligence in a very high degree, the absence of slight care in the performance of duty, an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the safety of others. *Wagner v. Mines*, 203 Neb. 143, 277 N.W.2d 672 (1979). See, also, *Carlson v. Waddle*, 223 Neb. 671, 392 N.W.2d 777 (1986).

A directed verdict is proper at the close of all the evidence only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, where an issue should be decided as a matter of law. *King v. Crowell Memorial Home, ante* p. 177, 622 N.W.2d 588 (2001); *Genetti v. Caterpillar, Inc., ante* p. 98, 621 N.W.2d 529 (2001); *Cole v. Loock*, 259 Neb. 292, 609 N.W.2d 354 (2000). In the present case, Steven made a motion for directed verdict at the close of

Vicky and Jennifer's case. Therefore, the question is, as a matter of law, could a reasonable juror find that Steven's acts constitute more than simple negligence? We need to determine whether the evidence in the record supporting the claimed acts of negligence of Steven is of a sufficient magnitude to constitute gross negligence under § 25-21,237, so as to submit the question to the jury. See *Liston v. Bradshaw*, 202 Neb. 272, 275 N.W.2d 59 (1979).

In *Liston*, we stated:

> "It must be borne in mind, always, that no decision on gross negligence can constitute an absolute precedent in any other case. Each case necessarily differs somewhat in its particular facts and circumstances, and in the composite which results from them. A dissection of the individual facts may, therefore, be misleading, because, in the attempted segregation, part of their real significance may become lost. While it may be regrettable that no perfect yardstick for measuring gross negligence has ever been devised, the numerous decisions, which the guest statutes have produced, seem rather clearly to demonstrate that this is as close as it is possible to come to a judicial solution. If the tapeline of past decisions seems at times to be somewhat inaccurately applied, and the processes of logic to be a bit variable in their result, this may be largely because the observer is looking at the facts in isolation and not in context. Here, both the bench and the profession must be on guard. *Courts cannot hesitate in directing a verdict where the conviction is clear that negligence in a very high degree is not present. But, if there is adequate proof of negligence, a verdict should only be directed where the court can clearly say that it fails to approach the level of negligence in a very high degree under the circumstances. In all other cases, it must be left to the jury to determine whether it amounts to gross negligence or to mere ordinary negligence.*"

(Emphasis in original.) 202 Neb. at 278-79, 275 N.W.2d at 63, quoting *Thompson v. Edler*, 138 Neb. 179, 292 N.W. 236 (1940).

Our standard of review requires that every controverted fact and the benefit of every inference which can reasonably be

deduced from the evidence be resolved in Vicky's favor. The pertinent facts under this review are as follows: Steven believed it to be unsafe to let people ride in the back of a pickup and therefore, prior to May 16, 1992, never allowed anyone to ride in the back of his pickup. Steven allowed his daughter Jennifer and her friend Tara to ride in the back of his pickup on May 16. Steven became aware that Jennifer had lowered the tailgate and that the two girls were sitting on it with their feet hanging down for a period of 3 or 4 minutes while Steven was traveling at a speed of 25 m.p.h. Jennifer and Tara saw some boys on the side of the road, Jennifer asked Tara if she should jump out, and Tara said "no." Tara did not see whether Jennifer jumped or fell out of the pickup. Jennifer sustained a brain injury when she landed on the asphalt road.

Most of the cases brought under § 25-21,237 and its forerunner § 39-6,191 focus on one or more of the following factors: intoxication, speed, failure to maintain lookout, and failure to control. Vicky has relied on several cases in which the facts, alleged to be grossly negligent, appear to be distinguishable from the present case.

In *Larson v. Storm*, 137 Neb. 420, 289 N.W. 792 (1940), the plaintiff, age 20, complained to the defendant, age 23, that he was driving too fast. They were crossing a bridge at 50 to 55 m.p.h. when the defendant failed to make a slight turn, lost control of the car, went into a ditch, and hit a cement pipe. The car bounced up, and the door flew open, throwing the plaintiff out onto the frozen ground. This court held that from these facts, a jury could consider whether gross negligence existed.

In *Jennings v. Lowrey*, 168 Neb. 831, 97 N.W.2d 345 (1959), the defendant was driving in excess of 60 to 70 m.p.h., at about 2:30 a.m., when they reached a curve in the road. The defendant's car left the pavement, skidded 10 feet, and hit a stop sign. The plaintiff was thrown from the car while the car rolled over. This court ruled that reasonable minds could differ as to whether or not the defendant's actions constituted gross negligence.

In *Demont v. Mattson*, 188 Neb. 277, 196 N.W.2d 190 (1972), an 18-year-old driver and four passengers, aged 13 through 15, were traveling down a hill on a winding, narrow, and unlighted road at 50 m.p.h. and failed to make a curve, went into a ravine,

and hit an embankment. This court ruled that the trial court was correct in submitting to the jury the question whether the defendant was guilty of gross negligence.

*Jones v. Foutch*, 203 Neb. 246, 278 N.W.2d 572 (1979), involved the defendant, age 16, who was an unlicensed motorcyclist who had driven this particular motorcycle only two or three times, and the plaintiff, his 15-year-old passenger. The defendant accelerated to 20 m.p.h. over the speed limit, in heavy traffic, driving between lanes and between cars. The plaintiff told the defendant to slow down because she knew a curve was coming, but the defendant failed to slow down and missed the turn, striking a guardrail. This court found that the evidence supported a finding of gross negligence and that the trial court was correct in submitting the case to the jury.

In addition, Vicky cited cases in which this court ruled that the claims of gross negligence did not present a jury question. These cases also appear to contain facts that are distinguishable from the present case.

In *Montgomery v. Ross*, 156 Neb. 875, 58 N.W.2d 340 (1953), the defendant, while driving his car, left the traveled portion of the highway and passed onto and across the shoulder and into a ditch. The defendant drove the car for another 100 feet and then hit an embankment. This court held that the defendant's negligence did not rise to the degree of gross negligence within the meaning of the statute. This court affirmed the trial court's sustaining the defendant's motion to dismiss.

*Luther v. Pawling*, 195 Neb. 679, 240 N.W.2d 42 (1976), was a wrongful death action. In *Luther*, while driving 60 m.p.h. on a gravel road, the driver reached under the seat for "a missing cupcake." The car hit a cement bridge and ended up in a ditch. This court affirmed the trial court's sustaining the defendant's motion for summary judgment.

Finally, in *Wagner v. Mines*, 203 Neb. 143, 277 N.W.2d 672 (1979), three people were in a two-seat British Triumph sports car. The defendant's daughter was driving, the plaintiff occupied the passenger seat, and another passenger occupied a space to the rear of the two seats. Emergency vehicles were up ahead on the road because of a plane crash. The car immediately ahead of the Triumph either slowed down or made an abrupt stop, and the

defendant's daughter ran into the rear of that vehicle. The plaintiff was thrown through the windshield. This court held that "failure to maintain a proper lookout alone does not ordinarily constitute gross negligence. When the evidence viewed most favorably for plaintiff fails to disclose gross negligence, the trial court is obligated to sustain a motion to direct a verdict for the defendant." *Id.* at 149, 277 N.W.2d at 676.

In a gross negligence case, if there is adequate proof of negligence, a verdict should be directed only where the court can clearly say that it fails to approach the level of negligence to a very high degree under the circumstances. See *Liston v. Bradshaw*, 202 Neb. 272, 275 N.W.2d 59 (1979). Steven was going half the speed limit at 25 m.p.h. when the accident occurred. Steven and the two girls were leaving the lake at the time of the accident. Steven testified that his house was about 1½ or 2 miles away from the lake. Even with an inference for Vicky, Steven was a relatively short distance away from home. Although Steven may have made some bad decisions which constitute negligence, we conclude that his actions do not rise to the level of gross negligence. Reasonable minds would not differ and could only draw one conclusion, that Steven's actions were not grossly negligent. Courts cannot hesitate in gross negligence cases to direct a verdict where the conviction is clear that negligence in a very high degree is not present. See *id.*

## CONCLUSION

Finding that Steven's actions do not constitute gross negligence, we affirm the trial court's order sustaining Steven's motion for directed verdict.

AFFIRMED.

GERRARD, J., dissents.