THEODORE KELLER, APPELLANT AND CROSS-APPELLEE, v. LEE WELLENSIEK ET AL., APPELLEES AND CROSS-APPELLANTS.

181 N. W. 2d 854

Filed December 11, 1970. No. 37607.

John McArthur and A. James McArthur, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action for personal injuries and property damage suffered by the plaintiff as the result of a collision between plaintiff's automobile and a farm tractor owned by the defendant, Henry F. Wellensiek, and operated by his 12-year-old son, Lee, on a public highway near Syracuse, Nebraska, on July 12, 1968. The jury returned a verdict for the plaintiff against both defend-

ants in the amount of $49,793.98. The defendants filed motions for a new trial which were sustained by the trial court. The plaintiff has appealed from the trial court's order granting a new trial. The defendants have cross-appealed alleging errors prejudicial to them.

On July 12, 1968, the plaintiff and a fellow employee, James T. Wagner, were returning home from their employment, each driving his own automobile. As they approached Syracuse from the south on State Highway No. 50, they observed a farm tractor on the highway moving north. Wagner was several hundred yards in front of the plaintiff. He turned to the left and passed the tractor without incident at a speed that he estimated at about 65 miles per hour. Wagner observed the plaintiff in his rear vision mirror as plaintiff turned into his left lane to pass the tractor and saw the tractor turn to the left across the highway to enter a private driveway. He saw the resulting collision and immediately returned to the scene of the accident.

Lee Wellensiek was the driver of the tractor. He was the son of the defendant, Henry F. Wellensiek, and at the time of the accident was 12 years of age. He testified that he lived with his parents on a farm a mile south of the accident scene. He testified that a neighbor had requested assistance in starting a stalled tractor and, at the direction of his father, he was going to the farm on which the private lane was located to render the requested assistance. Lee testified that three pickups and the Wagner car passed him before the accident occurred. He stated that he looked back when he was 1/16 of a mile from the lane, and saw plaintiff's car 3 blocks back. When 60 feet from the lane he looked back and Keller was 2 blocks back. When he was 30 feet from the lane he again looked and Keller was 1 block back. He said he thought it safe to turn and did so without looking and the accident resulted. Lee gave no signal of his intention to turn into the lane. The tractor was not equipped with turn signals. A farm

tractor is a motor vehicle within the meaning of the statutes regulating the use of motor vehicles on public highways. § 39-741, R. R. S. 1943.

The tractor and car were seriously damaged. Both drivers were injured. The Keller car laid down tire marks for 149 feet. The front wheels of the tractor were at the west edge of the pavement when the collision occurred. Plaintiff attempted to swerve back to his right-hand lane to avoid a collision without success. Visibility was good and the pavement dry. The road was level for more than 3 blocks each way from the scene of the accident.

The plaintiff contends that the trial court erred in granting a new trial for the reason that the case was fairly tried and that there is no error in the record prejudicial to the defendants. Defendants assert that the court erred in imputing the negligence of Lee to his father, in failing to direct a verdict for the father, and in giving instructions Nos. 2 and 6 to the jury. Plaintiff contends that the court erred in not directing a verdict for the plaintiff on the issue of liability, in submitting the issue of contributory negligence, in giving instructions Nos. 5, 8, and 9, and in allowing the opinion evidence of defendant's expert witness, W. F. Weiland.

The plaintiff moved at the close of the evidence for a directed verdict against Lee Wellensiek on the issue of negligence as a matter of law. This motion should have been sustained. The undisputed facts show that the tractor was proceeding north on its right-hand side of the highway. Plaintiff came up behind the tractor and turned into the left-hand lane for the purpose of passing the tractor. The driver of the tractor, without indicating any intention to turn, turned left across the highway between intersections to enter a private lane. The tractor was not equipped with a signaling device and its operator gave no signal of his intention to turn. The result was he drove the tractor into plaintiff's on-

coming car and the accident occurred. This is negligence on the part of the driver of the tractor as a matter of law.

The defendant Lee Wellensiek attempts to avoid the charge of negligence on the theory that he looked back before turning left across the highway and thought he could safely do so. He testified that when he was 1/16 of a mile south of the lane he looked back and saw plaintiff's car 3 blocks back. When he was 60 feet from the lane he looked back again and saw the car 2 blocks back. When he was 30 feet from the lane he again looked back and the car was 1 block back. Under his own estimates of the respective speeds of the vehicles, he should have known that when he traveled 30 more feet the car would have been upon him. But the fact is that he did not look at a time when the danger was apparent. After looking 30 feet from the lane, he did not look again, but drove his tractor the last 30 feet and turned across the highway without looking or signaling his intention to turn. In Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355, we said: "The most dangerous movement on public streets or highways is the left-hand turn. While the left-hand turn at intersections is within the purview of this statement, the left-hand turn across a favored public highway between intersections is a particularly dangerous one. * * * He must take reasonable precautions for his own safety and the safety of others before he undertakes a left turn between intersections where such movements are not anticipated."

With reference to the failure of Lee to look for oncoming traffic before making the left turn, this court said in Petersen v. Schneider, *supra:* "In the case before us the defendant, when some 500 feet from the private drive, saw the plaintiff's car through the rear vision mirror, coming about one-half mile behind him. He therefore knew that plaintiff's automobile was coming along behind him. He did not look to the rear within 200 feet before turning, according to his own testimony,

either through his rear vision mirror or otherwise. He drove to the point of the accident and, without looking at all for plaintiff's car or other traffic, turned his car onto the north side of the highway and into the car of the plaintiff. This is negligence as a matter of law and indicates a reckless disregard for his own safety and for that of others lawfully using the highway." See, also, Kruger v. Ervin Clark Constr. Co., 166 Neb. 252, 88 N. W. 2d 778.

The defendants contend that instruction No. 6, given by the trial court, was prejudicially erroneous. The instruction stated that the negligence of the defendant, Lee Wellensiek, "if any you so find, is to be treated and considered by you as the negligence of the defendant, Henry F. Wellensiek." The pertinent evidence on this question is: Lee Wellensiek was the 12-year-old son of Henry F. Wellensiek. At the time of the accident, he was driving the farm tractor on Highway No. 50 at the express direction of his father. Lee testified that he had been operating this or other tractors belonging to his father for about 3 years. He had used it in doing farm work in the field and on public highways. It is asserted by defendants that no relationship between the father and son was pleaded sufficient to impute the negligence of the son to the father. It is on this ground that Henry F. Wellensiek asserts that his motion for a dismissal of the action as to him should have been sustained.

It is provided by section 39-726, R. R. S. 1943, so far as pertinent here, as follows: "It shall be unlawful for any person under sixteen years of age * * * to operate a motor vehicle; and any owner, dealer or manufacturer of motor vehicles who permits a person under sixteen years of age, * * * to operate a motor vehicle shall be deemed guilty of a misdemeanor and shall be punished as provided in section 39-7,127; * * *."

It is the general rule that an owner of a motor vehicle who lends his vehicle to a minor who is forbidden by

statute to operate a motor vehicle because of his age is guilty of negligence and liable for injuries caused by such minor in the use of the vehicle. 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 575, p. 128. The foregoing rule is discussed at length and adopted by this court in Walker v. Klopp, 99 Neb. 794, 157 N. W. 962. In Stevens v. Luther, 105 Neb. 184, 180 N. W. 87, this court disapproved certain language in Walker v. Klopp, *supra*, insofar as it was in conflict with Omaha Street Ry. Co. v. Duvall, 40 Neb. 29, 58 N. W. 531. But the rule for which Walker v. Klopp, *supra*, was cited in this case was not disturbed as it applies to the facts before us. See, also, Annotation, Automobiles—Unlicensed Operator, 69 A. L. R. 2d, § 4, p. 983.

We conclude that instruction No. 6 was free from error and that the trial court properly instructed that any negligence of Lee Wellensiek was imputable to his father under the facts of this case.

In view of our holdings that Lee Wellensiek was guilty of negligence as a matter of law and that any negligence of Lee was imputable to Henry F. Wellensiek under the facts of this case, it is unnecessary to determine other assignments of error contained in the briefs on these issues. There was no prejudicial error in submitting plaintiff's case to the jury that in any way prejudiced defendants' rights. The plaintiff has asserted that the defense of contributory negligence was improperly submitted to the jury for the reason that the evidence was insufficient to sustain its submission. In view of the fact that plaintiff seeks the reversal of the order granting a new trial and the reinstatement of the verdict of the jury, we see no reason to discuss the evidence of contributory negligence or the correctness of the submission of that issue to the jury after the holding that a new trial was improvidently granted.

The defendants have cross-appealed, alleging that it was error on the part of the trial court in submitting to the jury the issue of negligence on the part of Henry

F. Wellensiek by directing the jury that the negligence of Lee Wellensiek was imputable to Henry F. Wellensiek. Defendants further assign as error the refusal of the trial court to dismiss the action as to Henry F. Wellensiek or in the alternative to direct a verdict in his favor. These questions have been determined adversely to the defendant Henry F. Wellensiek by this opinion and consequently there is no merit in the cross-appeal. The defendants cannot complain of the submission of the issue of contributory negligence which they tendered, although some objection is made to the manner of its submission. But the instructions taken together leave little doubt that the jury was not misled. The instructions on contributory negligence, comparative negligence, and their treatment in relation to a finding for the plaintiff, are proof enough that the jury knew the duty imposed on it in arriving at a proper verdict. Under such circumstances, we cannot say that an instruction to the effect that if plaintiff proves his case the jury will find for the plaintiff eliminates from its consideration questions of contributory and comparative negligence instructed upon at length by the trial court. It is hard to conceive that a jury, particularly after summations of the evidence by counsel, could be misled to the extent here contended. We think the instructions as a whole fairly submitted the case and that the errors complained of were not prejudicial to the rights of the defendants.

For the reasons stated, we think the trial court was in error in granting defendants a new trial. The judgment of the district court is reversed and the cause remanded with directions to reinstate the judgment for the plaintiff and against both defendants.

REVERSED AND REMANDED WITH DIRECTIONS.