DEBRA GERTSCH, A MINOR, BY HER NEXT FRIEND AND FATHER, VON GERTSCH, APPELLANT, V. LOUIS G. GERBER, APPELLEE.
226 N. W. 2d 132

Filed February 18, 1975. No. 39562.

Douglas R. Milbourn of Baker, Tessendorf, Milbourn & Fehringer, for appellant.

Barlow, Watson & Johnson, Donald B. Stenberg, and Walter, Albert, Leininger & Grant, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action to recover damages for personal injuries sustained by a guest passenger in a one-car accident. The driver was 15 years old and unlicensed. The sole defendant here is the owner of the automobile who entrusted the car to the driver. A demurrer to plaintiff's fourth amended petition upon the ground that it failed to state a cause of action against the defendant was sustained by the District Court. Upon refusal to plead further, the action was dismissed. The plaintiff has appealed.

The petition in issue alleges that on December 19, 1970, the defendant, Louis G. Gerber, entrusted his pickup truck to his nephew, Dennis Edmison, knowing that his nephew was 15 years old and an inexperienced, unqualified, and unlicensed driver. Under Nebraska statutes then and now in effect, it was unlawful and a mis-

demeanor for any owner to permit any unlicensed person under 16 years of age to operate a motor vehicle. Defendant pleaded guilty to the misdemeanor charge in county court and was fined.

Dennis Edmison and a friend used the defendant's pickup, with no adult supervision, to collect some evergreens for a high school program. The boys drove to the high school, where they invited the plaintiff, Debra Gertsch, to accompany them to collect the greenery, and she did. The petition then alleges that while the pickup was being driven by Edmison on a snow-covered and icy county road, he lost control of the vehicle and it went into a ditch and hit a private driveway before coming to rest. Plaintiff's injuries were the result of the accident.

There are no specific allegations or charges of negligence as to Dennis Edmison, nor is there any allegation that any negligence of Dennis Edmison was the proximate cause of the accident. The only charges of negligence in the petition are those against the defendant, Louis G. Gerber, in entrusting his vehicle to Edmison under the circumstances present, and in failing to supervise Edmison's operation of the pickup.

The District Court found that the Nebraska guest statute applied to the facts alleged in this case. The court also found that the Nebraska guest statute was constitutional. The demurrer of the defendant was sustained and the action dismissed.

The plaintiff contends that the Nebraska guest statute does not apply to an automobile owner's liability for his negligence in the *entrustment* of a vehicle, but only to negligence in the *operation* of the vehicle. The contention is that the violation of the statute making it a misdemeanor to entrust a vehicle to an unlicensed person under 16 years of age is negligence per se, and subjects the violator to common law liability, and that such liability is not governed nor limited by the Nebraska guest statute. Plaintiff's position is that the guest statute applies to a car owner only where he is vicariously

liable for the driver's negligence under the doctrine of respondeat superior, but not where the action is against the car owner for his own negligence in entrusting the vehicle to a driver in violation of statute.

The Nebraska guest statute, section 39-6,191, R. R. S. 1943, applies to "the owner or operator of a motor vehicle" and extends its statutory protection to both of them unless the damage to a guest passenger is caused "because of the gross negligence of the owner or operator in the operation of such motor vehicle." Similar statutes have been interpreted in many states as to an owner's liability for injuries to guests in a vehicle negligently entrusted to an under-age and unqualified driver. See Annotation, 91 A. L. R. 2d 323. The majority of such states have extended the protection of the guest statute to an owner under factual circumstances similar to those here. See Hardwick v. Bublitz, 254 Iowa 1253, 119 N. W. 2d 886 (1963). Representing the opposite view, see, Ware v. State Farm Mut. Auto. Ins. Co., 181 Kan. 291, 311 P. 2d 316.

In some instances, entrustment to an under-age, unqualified, and unlicensed driver has been said to constitute gross negligence within the meaning of the guest statute. In Nebraska, in a case not involving the guest statute, we have held that an owner of a motor vehicle, who knowingly entrusts it to an under-age, unlicensed minor in violation of statute, is guilty of negligence and liable for damages proximately resulting from the negligent operation of the motor vehicle. See Keller v. Wellensiek, 186 Neb. 201, 181 N. W. 2d 854.

In the case before us it is not necessary to reach a determination as to whether or not under the facts here the guest statute did or did not apply. Even assuming that the guest statute did not apply, the facts pleaded are insufficient to constitute a cause of action against the defendant. Even if it be conceded that the defendant's entrustment of the pickup to Edmison was negligence per se, that fact alone does not establish de-

fendant's liability. The plaintiff must also allege and prove that defendant's negligence was the proximate cause of the accident and injury. In order to establish that proximate causation, the plaintiff must allege and prove that the driver operated the automobile negligently, and that his negligence was a proximate cause of the accident. See Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S. W. 2d 587. See, also, Restatement, Torts 2d, § 288 B, and comments thereunder.

As the Iowa Supreme Court said: "The act of allowing the driving knowing the driver to be inexperienced or incompetent is negligence. It becomes a proximate cause when it combines with negligent acts of the driver causing the damage." Hardwick v. Bublitz, *supra*. See, also, Carter v. Montgomery, 226 Ark. 989, 296 S. W. 2d 442.

We have found no case which holds that an owner's negligent entrustment standing alone establishes liability in the absence of pleading and proof of the driver's negligence. In the case before us the petition alleges only that the minor driver lost control of the vehicle on a snow-covered and icy road. There is no allegation of negligence on the part of the driver nor any allegation that his negligence was the proximate cause of the accident. The lack of any allegations of negligence on the part of the driver destroys the connecting link between the defendant's negligence in entrustment and the plaintiff's injury. To hold the defendant responsible for any injury to a passenger in the vehicle, regardless of the legal or proximate cause of the injury, would simply transform the defendant from a tort-feasor to an insurer. The action here sounds in tort and the pleadings fail to state a cause of action against the defendant.

This court has currently held the Nebraska guest statute constitutional. See Botsch v. Reisdorff, *ante* p. 165, 226 N. W. 2d 121. That case disposes of the constitutional issues here.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.