TERESA WAGNER, APPELLANT, v. DUANE MINES, APPELLEE.

277 N. W. 2d 672

Filed April 24, 1979. No. 41964.

Lawrence H. Yost of Yost, Schafersman, Yost, Lamme & Hillis, for appellant.

Ray C. Simmons, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, BRODKEY, and HASTINGS, JJ., and WHITEHEAD, District Judge.

KRIVOSHA, C. J.

This is an appeal from the action of the District Court for Dodge County sustaining a motion for directed verdict or, in the alternative, a motion to dismiss made by the defendant-appellee at the close of the plaintiff-appellant's case-in-chief. Upon sustaining the motion, the trial court dismissed plaintiff's action. We have reviewed the record in this case and conclude that the trial court was correct in sustaining the motion and dismissing the case. We therefore affirm.

The record in this case discloses that the plaintiff suffered significant personal injury while riding as a guest in an automobile owned by the defendant and then being operated by defendant's 14-year-old daughter, Mary Lou Mines.

Defendant and his family, including his minor daughter, lived at Hooper, Nebraska. The plaintiff and defendant's daughter were both students at Logan View High School, where both were also cheerleaders. On the evening of the accident an athletic meet at the Scribner High School between Logan View High School and Scribner High School was scheduled. Both girls were on their way to the meet when the accident occurred.

The record discloses that plaintiff's mother had brought her to the home of defendant at Hooper, and there left her to ride to the Scribner meet with defendant's daughter. Also riding with the plaintiff and defendant's daughter was Terri Dallman, a fellow student.

The evidence further discloses that because of her

age Mary Lou Mines held a restricted-type operator's permit issued pursuant to section 60-407(2), R. R. S. 1943. The permit limited her driving from home to school and back. In order to obtain a permit of this type it is necessary for one to appear before an examiner and demonstrate that one is capable of successfully operating a motor vehicle.

The vehicle being driven by defendant's daughter at the time of the accident was a two-seat British Triumph sports car. Defendant's daughter was driving and occupied the left front seat. Plaintiff occupied the right front seat, and Terri Dallman occupied a space inside the sports car to the rear of the two seats.

There was testimony that before defendant's daughter left for the school event, defendant gave her some instructions on how to use the standard shift in the automobile.

There was no evidence that defendant's daughter experienced any difficulty in operating the vehicle once she left the front yard.

The accident occurred a short distance east of Scribner as the automobile of defendant proceeded west toward Scribner.

Plaintiff did not call as a witness defendant's daughter, and plaintiff herself had no recollection of the accident. The facts concerning the accident were supplied by Terri Dallman. According to witness Dallman, as the vehicle approached Scribner, she saw red lights on both sides of the road. It appears from the evidence that a plane had crashlanded earlier close to the site where the accident subsequently occurred. Emergency vehicles were in the area as a result of the plane crash. There was no evidence that the defendant's daughter was driving at an excessive speed either as posted or under the circumstances. Nor was there evidence that she was in any other manner improperly operating the motor vehicle prior to the accident. As the vehicle

approached the downed airplane, the car in front either slowed down or made an abrupt stop, and defendant's daughter ran into the rear of that vehicle. Upon impact, plaintiff was thrown through the windshield and unquestionably suffered serious and permanent facial injuries.

At the close of plaintiff's evidence, defendant moved the court to direct a verdict for defendant and against plaintiff or, in the alternative, to dismiss the action. The court sustained the motion and dismissed the action.

Appellant assigns two errors: (1) The trial court erred in holding that the Nebraska guest statute applied to a nondriving owner's liability for negligent entrustment; and (2) the trial court erred in holding the evidence was insufficient to establish a question of gross negligence which could be submitted to the jury.

We turn to appellant's first assignment of error. There appears to be little question from the record that the defendant in this case was negligent in entrusting his automobile to his daughter. In Gertsch v. Gerber, 193 Neb. 181, 226 N. W. 2d 132, we said: "* * * an owner of a motor vehicle, who knowingly entrusts it to an under-age, unlicensed minor in violation of statute, is guilty of negligence and liable for damages proximately resulting from the negligent operation of the motor vehicle." Likewise, see Keller v. Wellensiek, 186 Neb. 201, 181 N. W. 2d 854.

However, the fact that the owner of a car may be negligent in entrusting a vehicle to a minor does not dispose of the issue. In addition to being negligent in entrusting the vehicle, a plaintiff must likewise plead and prove that such negligent entrustment was the proximate cause of the accident and injury. To establish that proximate causation, a plaintiff must allege and prove that the driver operated the automobile negligently and that his negligence was a proximate cause of the accident. The act of allow-

ing a person to operate a vehicle, knowing the driver to be inexperienced or incompetent, is negligence. It becomes a proximate cause of the injury when it combines with the negligent acts of the driver causing the damage. Gertsch v. Gerber, *supra*; see, also, Hardwick v. Bublitz, 254 Iowa 1253, 119 N. W. 2d 886.

Were this simply a case of defendant's daughter causing injury to a third party not a guest, the issue would simply be as described in Keller v. Wellensiek, *supra,* or Hardwick v. Bublitz, *supra.* There is, however, the further factor we must consider in this case, namely, that plaintiff was a guest.

Stated simply, the issue herein is: Before a guest may recover against the owner of an automobile for negligent entrustment, must the guest plead and prove gross negligence on the part of the operator, or is ordinary negligence sufficient?

There appears to be two lines of authority in this regard. See 91 A. L. R. 2d 323. The majority view holds that before a guest may recover from the owner of an automobile for negligent entrustment, the guest must plead and prove that the operator of the motor vehicle was guilty of gross negligence. See Hardwick v. Bublitz, *supra*; McAllister v. Calhoun, 212 Ark. 17, 205 S. W. 2d 40; Graham v. Shilling, 133 Colo. 5, 291 P. 2d 396; Farrey v. Bettendorf, 96 So. 2d 889 (Fla., 1957); Theriault v. Pierce, 307 Mass. 532, 30 N. E. 2d 682; Naudzius v. Lahr, 253 Mich. 216, 234 N. W. 581; Cunningham v. Bell, 149 Ohio St. 103, 77 N. E. 2d 918; Ortman v. Smith, 198 F. 2d 123 (8th Cir., 1952) cert. den. 344 U. S. 856, 73 S. Ct. 95, 97 L. Ed. 664; Eckols v. Anderson, 27 Utah 2d 74, 493 P. 2d 304; Tucker v. Fitzgerald, 247 So. 2d 459 (Fla., 1971); Forgus v. Hodnett, 401 S. W. 2d 104 (Tex. Civ. App., 1966); Holbrook v. Ramsey, 254 F. Supp. 94 (N. D. Ind., 1966). It appears that California, Kansas, and perhaps Georgia have taken a contrary view. It

does not appear that we have directly ruled on this question before.

We have, however, recently had occasion to review the basis of the Nebraska guest statute, section 39-6,191, R. R. S. 1943. See Botsch v. Reisdorff, 193 Neb. 165, 226 N. W. 2d 121. In upholding the constitutionality of the Nebraska guest statute, we noted that there is inherent justice in the requirement that one who undertakes to perform a duty gratuitously should not be under the same obligation as one who enters upon the same undertaking for pay. We said in Botsch v. Reisdorff, *supra*, " 'It seems to us that the legislature was acting well within the limits of the police power in making a distinction between the degree of care to be exercised by the owner or operator of a motor vehicle toward a guest and that to be exercised toward one who pays for his transportation.' The legislative and judicial minds in the past 50 years have consistently held that this distinction between a paying and a gratuitous guest could rationally take precedence in the legislative mind over and above the social engineering notion of shifting liability for negligently inflicted injuries to a guest on to hosts or to the general motoring public's liability insurance."

It would bring about a strange and improper result if defendant could be free of liability if only guilty of ordinary negligence while operating a motor vehicle, but could be held liable when a member of his family operated the same motor vehicle and still was guilty of only ordinary negligence. Likewise, we would have a strange result if the operator who caused the accident necessary to create the proximate cause was relieved of liability because of the provisions of the guest statute while the owner was held liable. We think the more consistent rule is that which has found favor in the majority of the jurisdictions; the rule being that the owner of a motor vehicle who entrusts it to an underage minor

is liable to an injured guest only if the operator of the motor vehicle is guilty of gross negligence. We see nothing in the language of the Nebraska guest statute which would justifiably compel a contrary view. The language in the statute clearly points out that the "owner" of the vehicle is not to be liable to a guest unless such damage is because "of the gross negligence of the owner or operator *in the operation* of such motor vehicle." (Emphasis supplied.) § 39-6,191, R. R. S. 1943.

Having therefore held that before the plaintiff in this case could recover against the defendant, defendant's daughter must be guilty of gross negligence in the operation of the motor vehicle, we look to appellant's second assignment of error.

The only evidence of negligence by defendant's daughter in the operation of the motor vehicle was her apparent failure to stop the motor vehicle within her range of vision. There was no other evidence of negligence established by the record. While the failure to stop within one's range of vision may and often does constitute negligence, it does not necessarily constitute gross negligence. Gross negligence, within the meaning of the Nebraska guest statute, means gross and excessive negligence or negligence in a very high degree; the absence of slight care in the performance of duty; an entire failure to exercise care; or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the safety of others. See Luther v. Pawling, 195 Neb. 679, 240 N. W. 2d 42; Toth v. Bacon, 190 Neb. 344, 208 N. W. 2d 271. In the Toth case, we specifically held that failure to maintain a proper lookout alone does not ordinarily constitute gross negligence. When the evidence viewed most favorably for plaintiff fails to disclose gross negligence, the trial court is obligated to sustain a motion to direct a verdict for the defendant. See Johnk v. Scanlon, 136 Neb. 187, 285 N. W. 488.

On the basis of the evidence presented by the record in the instant case, we believe it would have been error for the trial court to submit the case to the jury. Therefore, the trial court had no alternative but to sustain the motion to dismiss. For those reasons we find the action of the trial court in dismissing plaintiff's case at the close of plaintiff's evidence was in all respects correct, and the action of the trial court is affirmed.

AFFIRMED.