**BEN GAY, INC., A Colorado Corporation, Appellant,**

v.

**Ella Irene GIESBRECHT, Appellee,**

**William L. Giesbrecht.**

**No. 82–2429.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1983.

Decided Nov. 18, 1983.

**1004**

Gary L. Scritsmier and Royce E. Norman of Kelley, Wallace, Scritsmier, Moore & Byrne, P.C., North Platte, Neb., for appellee, Ella Irene Giesbrecht.

Allen J. Kincaid, Brush, Colo., for appellant.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

This tort action was brought in the district court,[1] basing jurisdiction on diversity of citizenship and the fact that the amount in controversy exceeded $10,000. The plaintiff, Ben Gay, Inc., alleged that the damage to its vehicle was the result of Ella Irene Giesbrecht's negligence. The defendant, Mrs. Giesbrecht, counterclaimed seeking recovery for the damage to her truck which she alleged was caused by the negligence of Mr. Hanson, the driver of the semitractor and trailer (hereinafter semitruck) and employee of Ben Gay, Inc. The case was tried and submitted to the jury. The trial court entered judgment according to the verdict of the jury in favor of Mrs. Giesbrecht on both the original complaint and the counterclaim and she was awarded $8,167.62 in damages. For the following reasons, we affirm the judgment of the district court.

█ The two issues argued on appeal were: 1) whether the trial court erred in allowing the jury to determine whether the location of the accident constituted an intersection under Nebraska law, and 2) whether the trial court erred in refusing to rule that Mrs. Giesbrecht was negligent as a matter of law.

Mr. Hanson was driving a semitruck in a westerly direction on Highway # 23 in Perkins County, Nebraska. Before the collision, Mrs. Giesbrecht was driving in front of the Hanson vehicle also in a westerly direction. Several hundred feet before Highway # 23 meets County Road # 38 the semitruck attempted to pass the Giesbrecht truck. At the same time, Mrs. Giesbrecht attempted to make a left hand turn on to County Road # 38, and the collision resulted.

If the meeting of Highway # 23 and County Road # 38 constitutes an intersec-

---

1. The Honorable C. Arlen Beam, United States District Court for the District of Nebraska.

tion, Mr. Hanson was in violation of Nebraska law, which says:

(1) No driver shall overtake and pass another vehicle or drive to the left of the center of the roadway whenever:

\* \* \* \* \* \*

(b) He approaches within one hundred feet of or traverses any intersection \* \*.

NEB.REV.STAT. § 39–625 (1978).

If the location of the accident is not an intersection, Nebraska case law indicates that Mrs. Giesbrecht was at fault. *See Keller v. Wellensiek,* 186 Neb. 201, 181 N.W.2d 854, 857 (1970) (driver turning left into a private drive without signaling was negligent as a matter of law); *Petersen v. Schneider,* 153 Neb. 815, 46 N.W.2d 355, 358 (1951) (the left turn between intersections is particularly dangerous and no person should make such a movement unless it can be made safely).

Nebraska law defines an intersection as: "the area embraced within the prolongation or connection of the lateral curb lines or, if there are no lateral curb lines, then the lateral boundary lines of the roadways of two or more *highways,* which join one another at, or approximately at, right angles \* \* \*." NEB.REV.STAT. § 39–602(37) (1978) (emphasis added).

The definition of a highway is: "the entire width between the boundary limits of any street, road, avenue, boulevard, or way which is publicly-maintained when any part thereof is open to the use of the public for the purposes of vehicular traffic." NEB.REV.STAT. § 39–602(32) (1978).

Ben Gay, Inc. argued that County Road # 38 was not publicly maintained and is therefore not a highway. The testimony at trial was in conflict on this point and the issue was correctly submitted to the jury. *See Arthur v. Arthur,* 684 F.2d 558, 561 n. 3 (8th Cir.1982); *Bern v. Evans,* 349 F.2d 282, 291 (8th Cir.1965); *McQueen v. Navajo Freight Lines, Inc.,* 293 F.2d 590, 594 (8th Cir.1961).

The standard of review of jury determination of a factual question is narrow.

An appellate court may not substitute its view of the facts for that of the trier of fact unless it is in a position to hold that reasonable minds, viewing the evidence in the light most favorable to the prevailing party, could only have found otherwise than the trier of fact.

*McIntyre v. Everest & Jennings, Inc.,* 575 F.2d 155, 158 (8th Cir.), *cert. denied,* 439 U.S. 864, 99 S.Ct. 187, 58 L.Ed.2d 173 (1978). *See also Mizell v. United States,* 663 F.2d 772, 776 (8th Cir.1981).

Since we believe reasonable minds could differ on this evidence, we will not disturb the jury verdict.

■ Mrs. Giesbrecht would have been negligent as a matter of law if the left turn was made between intersections without signaling. *Keller v. Wellensiek,* 181 N.W.2d at 857; *Petersen v. Schneider,* 46 N.W.2d at 358. There was a great deal of conflicting testimony on the question of whether Mrs. Giesbrecht's turn signals were working. The jury was instructed on the defense of contributory negligence. The general verdict in favor of Mrs. Giesbrecht is consistent with a finding that the jury did not find her contributorily negligent.

For these reasons, we affirm the opinion of the district court.