275 Neb. 173
RICHARd A. DEWESTER, PERSONAL REPRESENTATIVE OF THE ESTATE OF LINDSEY DEWESTER, DECEASED, APPELLANT,
v.
KYLE W. WATKINS, AN INDIVIDUAL, APPELLEE.
No. S-06-230.
Supreme Court of Nebraska.
Filed February 29, 2008.
Andrew J. Wilson and Klie A. Wolf, of Walentine, O'Toole, McQuillan & Gordon, for appellant.
Martin J. Troshynski, of Ruff, Lindemeier, Gillett, Dawson & Troshynski, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
Kyle W. Watkins' father purchased a vehicle and provided it to Kyle for his use. Kyle permitted Lindsey DeWester, a 14-year-old girl without a driver's license, to drive the vehicle. Lindsey lost control of the vehicle and was killed in the resulting accident. Lindsey's estate sued Kyle for wrongful death, alleging that Kyle had negligently entrusted the vehicle to Lindsey. The issue presented in this appeal is whether a claim for negligent entrustment of property can be brought against a defendant who had the right to control the property, but was not its legal owner. We conclude that such a claim may be brought and, therefore, direct that this cause be remanded back to the district court which had entered summary judgment in favor of the defendant.

BACKGROUND
The accident occurred 3 days before Kyle's 17th birthday. Kyle and a friend had been drinking beer and "cruising around town" in a Jeep Cherokee. Kyle and his father both testified that his father owned the Jeep and paid for its expenses, but that Kyle was the Jeep's primary driver. Kyle's father had his own vehicle and did not keep a set of keys for the Jeep with him. Kyle's father testified that he specifically recalled telling Kyle not to permit other people to drive the Jeep.
Kyle and his friend stopped at a local convenience store, where Lindsey saw them. Kyle knew Lindsey from school, and they had socialized after school and on weekends. Kyle and his friend went into the convenience store bathroom, and when they returned to the Jeep, Lindsey was in the driver's seat. Kyle had left the Jeep's doors unlocked and the keys in the ignition, but had not expected Lindsey to get in the car. Lindsey was 14 years old, and Kyle knew Lindsey did not have a driver's license. Nevertheless, Kyle's friend got in the front passenger seat, and Kyle sat in the back seat, behind his friend.
After Kyle and his friend got in the Jeep, Lindsey "took off down the road." Lindsey wanted to drop Kyle's friend off at his house and took a county road. It was dark, and the road and T-shaped intersection they were approaching were unlit. Kyle testified that Lindsey "looked up all of a sudden, I guess, and she tried to jerk the wheel because she saw that there was no more road." The Jeep rolled over. None of the three occupants had been wearing seatbelts, and Lindsey was ejected from the vehicle. Lindsey died as a result of the accident.
Lindsey's father, Richard A. DeWester, as personal representative of Lindsey's estate, sued Kyle, alleging negligent entrustment of the Jeep. (The estate also sued Dundy County, but the county has been dismissed with prejudice and is not a party to this appeal.) The district court entered summary judgment in favor of Kyle, because the Jeep was owned by Kyle's father, not Kyle. The Nebraska Court of Appeals affirmed,[1] concluding that it was bound to do so by this court's holding in Vilas v. Steavenson,[2] which will be discussed at greater length below. The estate petitioned for further review, arguing, among other things, that Vilas should be overruled. We sustained the estate's petition for further review.

ASSIGNMENTS OF ERROR
The estate assigns that the Court of Appeals erred in affirming the district court's decision sustaining Kyle's motion for summary judgment.

STANDARD OF REVIEW
[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[3]

ANALYSIS
[3,4] The tort of negligent entrustment is explained by the Restatement (Second) of Torts § 308, which states that
[i]t is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.[4]
And the Restatement, § 390, explains, in a "special application" of § 308,[5] that
[o]ne who supplies . . . a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.[6]
[5] While we have previously not expressly adopted § 308 or § 390, we conclude that they accurately reflect Nebraska law. We have adopted closely related sections of the Restatement,[7] and more importantly, we adopted the substance of § 390, in the context of motor vehicles, in Deck v. Sherlock.[8] In Deck, a plaintiff injured in an automobile accident sued the driver of the other automobile and the automobile owner who had loaned his vehicle to the driver. The plaintiff's evidence showed that the owner and driver had been drinking together and that the owner could have known at the time the vehicle was loaned that the driver intended to continue drinking. In concluding that an issue of fact was presented as to the owner's liability to the plaintiff, we explained that the "controlling rule" was
[t]he law requires that an owner use care in allowing others to assume control over and operate his automobile, and holds him liable if he entrusts it to, and permits it to be operated by, a person whom he knows or should know to be an inexperienced, incompetent, or reckless driver, to be intoxicated or addicted to intoxication, or otherwise incapable of properly operating an automobile without endangering others.[9]
In Deck, we framed the rule in terms of the "owner" of the automobile, because the defendant in that case was the owner.[10] And we adhered to that phrasing in Wagner v. Mines,[11] another negligent entrustment case in which the defendant was the owner of the vehicle. In neither case were we required to, nor did we, address whether legal ownership of the vehicle was required to establish liability.
But in Vilas,[12] this court confronted a situation similar to that presented here, in which the plaintiff sued both a son who had loaned a vehicle to an underage driver and the father who owned the vehicle at issue. The Vilas court discussed the liability of the father at length, concluding that the doctrine of negligent entrustment did not apply to the father because he had not knowingly entrusted the vehicle to the underage driver. The Vilas court then concluded, without discussing the issue, that "[i]t also appears that the doctrine of negligent entrustment does not apply to [the son] since he did not own the vehicle."[13]
That conclusion, however, is inconsistent with both the Restatement and the overwhelming weight of authority from courts to have considered the issue. As previously noted, § 308 of the Restatement applies to activity that is "under the control of the actor."[14] And comment a. to § 308 explains that
[t]he words "under the control of the actor" are used to indicate that the third person is entitled to possess or use the thing or engage in the activity only by the consent of the actor, and that the actor has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity.[15]
Based on the Restatement's reasoning, most courts have framed the relevant issue in a negligent entrustment case as whether the defendant in a negligent entrustment action had the right to control the entrusted property, with ownership simply being one way of proving a right to control. As the Illinois Supreme Court explained, "entrustment must be defined with reference to the right of control of the subject property. In essence, if the actor does not have an exclusive or superior right of control, no entrustment of the property can occur."[16] A right to control does not always mean ownership, but generally means that the defendant must have a greater right of possession or control than the entrustee.[17]
Given that, it is hardly surprising that the overwhelming majority of courts to have analyzed the issue have concluded that a nonowner who has control of a vehicle can be held liable for negligently entrusting the vehicle.[18] Certificates of title and other incidents of legal ownership are often documents of convenience, rather than reflections of the actual possession and control of a vehicle.[19] And the basis for liability under the doctrine of negligent entrustment is the power to permit and prohibit the use of the entrusted chattel, which need not arise from legal ownership.[20] Holding otherwise produces the paradox that even the grossest negligence can be insulated from liability, so long as the person deciding who can drive a car is not the person who legally owns it.
[6] We also note that under the Motor Vehicle Operator's License Act,[21] it is a Class III misdemeanor[22] for any person "[t]o authorize or knowingly permit a motor vehicle owned by him or her or under his or her control to be driven upon any highway by any person who is not authorized under the act or is in violation of any of the provisions of the act . . . ."[23] And we have held that a person who violates that statute "is guilty of negligence and liable for damages proximately resulting from the negligent operation of the motor vehicle."[24] Although Vilas cited that proposition, the court's eventual conclusion was inconsistent with the statute.
[7,8] In this case, the district court entered summary judgment for Kyle based on the rule announced in Vilas, and the Court of Appeals affirmed that judgment because the doctrine of vertical stare decisis compelled it to strictly follow Vilas.[25] The estate argues that Vilas was wrongly decided and should be overruled. We agree. We are persuaded by the Restatement, the reasoning of other courts to have decided the issue, and our own authority giving effect to the clearly articulated public policy of the Motor Vehicle Operator's License Act, that negligent entrustment should be defined with reference to control of the entrusted property, and a defendant's ownership of the property is not a prerequisite for liability for negligent entrustment.[26]
[9,10] In other words, to be liable for negligent entrustment, the defendant must have had the authority to permit or prohibit the entrustee's use of the entrusted property. But control of the entrusted property is the essential element of a negligent entrustment claim, not legal ownership.[27] To the extent that Vilas[28] holds otherwise, it is overruled. Kyle cites cases that he claims support a rule that a nonowner cannot be held liable for negligent entrustment. But those cases present circumstances in which the nonowner defendant was alleged to have negligently entrusted the property to the owner of the property, who was usually intoxicated.[29] Stated colloquially, the question in those cases was whether the defendant had a legal duty not to return a drunk driver's car keys. Even on that point, there is a division of authority.[30] but obviously, when the issue is control of the vehicle, entrusting a vehicle to its owner presents a complication in that the defendant arguably had no authority to deny the vehicle to someone with a superior right to its possession. Decisions addressing that issue are easily distinguishable from this case, and there is no need for us to reach that issue here.
We also note a division of authority regarding the issue of contributory negligence under a comparative negligence statutory scheme, where the plaintiff is also the entrustee.[31] Although Kyle alleged contributory negligence in his answer, it was neither raised in support of Kyle's motion for summary judgment nor addressed by the district court, and it is not before us in this appeal. The sole issue presented here is whether a claim for negligent entrustment can be stated against a defendant who had the right to control the property, but was not its legal owner. We have concluded that it can.

CONCLUSION
A defendant's ownership of entrusted property is not a prerequisite to liability for negligent entrustment. While we recognize that the district court and Court of Appeals concluded otherwise because they were bound by this court's precedent, we nonetheless reverse the judgment of the Court of Appeals and remand the cause to that court with directions to reverse the judgment of the district court and remand the cause for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
STEPHAN, J., concurring.
This is an unusual negligent entrustment case in that it involves only two parties: the person alleged to have negligently entrusted the motor vehicle and the personal representative of the party to whom the vehicle was entrusted. The typical negligent entrustment case involves at least three parties, including the person who entrusts the vehicle to another, the entrustee whose negligent operation causes an injury, and the injured party who seeks compensation. We have held in such cases that negligent entrustment standing alone does not establish liability; it must also be shown that the driver to whom the vehicle was entrusted negligently caused the plaintiff's injury.[1]
As a matter of general principle, I agree with the court's holding today that one who controls access to a motor vehicle may be held liable for negligent entrustment, even if he or she is not the owner. But I reserve judgment on the question of whether a negligent entrustment claim can ever be asserted by or on behalf of the entrustee whose own negligence is a proximate cause of an accident and resulting injury. This issue was not briefed or argued in this appeal, and as the majority notes, it would require an evaluation of the parties' respective claims under Nebraska's comparative negligence statute, which cannot be undertaken on this record. There may be other considerations as well. Thus, I concur in the judgment of the court, leaving to another day the question of whether negligent entrustment, standing alone, can establish liability to an entrustee.
NOTES
[1] See DeWester v. Dundy County, No. A-06-230, 2007 WL 2372615 (Neb. App. Aug. 21, 2007) (not designated for permanent publication).
[2] Vilas v. Steavenson, 242 Neb. 801, 496 N.W.2d 543 (1993).
[3] Fokken v. Steichen, 274 Neb. 743, ___ N.W.2d ___ (2008).
[4] Restatement (Second) of Torts § 308 at 100 (1965).
[5] See id., § 390, comment b. at 315.
[6] Id., § 390 at 314.
[7] See, Colvin v. Powell & Co., Inc., 163 Neb. 112, 77 N.W.2d 900 (1956); Driekosen v. Black, Sivalls & Bryson, 158 Neb. 531, 64 N.W.2d 88 (1954).
[8] Deck v. Sherlock, 162 Neb. 86, 75 N.W.2d 99 (1956).
[9] Id. at 90-91, 75 N.W.2d at 102. Accord, Gibb v. Strickland, 245 Neb. 325, 513 N.W.2d 274 (1994); Vilas, supra note 2; Wagner v. Mines, 203 Neb. 143, 277 N.W.2d 672 (1979); Suiter v. Epperson, 6 Neb. App. 83, 571 N.W.2d 92 (1997).
[10] See Deck, supra note 8.
[11] Wagner, supra note 9.
[12] Vilas, supra note 2.
[13] Id. at 810, 496 N.W.2d at 550.
[14] Restatement, supra note 4, § 308 at 100.
[15] Id., comment a. at 100.
[16] Zedella v. Gibson, 165 Ill. 2d 181, 187, 650 N.E.2d 1000, 1003, 209 Ill. Dec. 27, 30 (1995).
[17] Neary v. McDonald, 956 P.2d 1205 (Alaska 1998).
[18] See, Harrison v. Carroll, 139 F.2d 427 (4th Cir. 1943) (applying Virginia law); Green v. Harris, 70 P.3d 866 (Okla. 2003); Estate of Trobaugh v. Farmers Ins. Exch., 623 N.W.2d 497 (S.D. 2001); Neary, supra note 17; Broadwater v. Dorsey, 344 Md. 548, 688 A.2d 436 (1997); Ransom v. City of Garden City, 113 Idaho 202, 743 P.2d 70 (1987); Chiniche v. Smith, 374 So. 2d 872 (Ala. 1979); Dicranian v. Foster, 114 Vt. 372, 45 A.2d 650 (1946); Salamone v. Riczker, 32 Mass. App. 429, 590 N.E.2d 698 (1992); Cameron v. Downs, 32 Wash. App. 875, 650 P.2d 260 (1982); Jones v. Cloud, 119 Ga. App. 697, 168 S.E.2d 598 (1969). See, also, Tissicino v. Peterson, 211 Ariz. 416, 121 P.3d 1286 (Ariz. App. 2005); Williams v. Bumpass, 568 So. 2d 979 (Fla. App. 1990) (negligent entrustment of firearm). Cf., McGinnis v. Hand, 293 Mont. 72, 972 P.2d 1126 (1999); Zedella, supra note 16. but see Coble v. Knight, 130 N.C. App. 652, 503 S.E.2d 703 (1998).
[19] See Green, supra note 18.
[20] See Broadwater, supra note 18.
[21] Neb. Rev. Stat. §§ 60-462 to 60-4,188 (Reissue 1998 & Supp. 2001).
[22] See § 60-4,111.
[23] § 60-491(10) (emphasis supplied).
[24] Gertsch v. Gerber, 193 Neb. 181, 184, 226 N.W.2d 132, 134 (1975). Accord, Vilas, supra note 2; Wagner, supra note 9. See, also, Keller v. Wellensiek, 186 Neb. 201, 181 N.W.2d 854 (1970); Walker v. Klopp, 99 Neb. 794, 157 N.W. 962 (1916).
[25] See DeWester, supra note 1, citing Sanford v. Clear Channel Broadcasting, 14 Neb. App. 908, 719 N.W.2d 312 (2006).
[26] See, Zedella, supra note 16; Tissicino, supra note 18.
[27] Tissicino, supra note 18.
[28] Vilas, supra note 2.
[29] See, e.g., Coble, supra note 18 (citing cases).
[30] Compare, e.g., id.; Weeks v. City of New York, 181 Misc. 2d 39, 693 N.Y.S.2d 797 (1999).
[31] Compare, e.g., King v. Petefish, 185 Ill. App. 3d 630, 541 N.E.2d 847, 133 Ill. Dec. 636 (1989); Herbert v. Whittle, 69 Md. App. 273, 517 A.2d 358 (1986).
[1] See, e.g., Gertsch v. Gerber, 193 Neb. 181, 226 N.W.2d 132 (1975).