IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


RICHARDSON V. OMNI BEHAVIORAL HEALTH


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


ANGELA RICHARDSON, GUARDIAN AND AS NEXT FRIEND, ON BEHALF
OF WILLIAM E. SEE, JR., A PROTECTED PERSON, APPELLANT,

V.

OMNI BEHAVIORAL HEALTH, APPELLEE.


Filed April 4, 2023.    No. A-22-428.


Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellant.

Dan H. Ketcham and Samuel A. Huckle, of Engles, Ketcham, Olson & Keith, P.C., for appellee.


PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Angela Richardson, guardian and as next friend, on behalf of William E. See, Jr., a protected person, appeals the Douglas County District Court's order granting summary judgment in favor of OMNI Behavioral Health regarding Richardson's claim of negligent entrustment. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

#### PRIOR PROCEEDINGS

In our previous opinion regarding this case found at *Richardson v. OMNI Behavioral Health*, No. A-20-482, 2021 WL 2325282 (Neb. App. June 8, 2021) (selected for posting to court website) (*OMNI I*), we set forth an extensive statement of facts which we quote here:

See is a developmentally disabled individual and ward of the State. In order to provide individuals like See with specialized living services, the Department of Health and Human Services (DHHS) entered into a general service contract with OMNI. The contract provided that OMNI was to provide "Developmental Disability Services" in accordance with the Developmental Disabilities Services Act, the Medical Assistance Act, Title 404 NAC, 175 NAC if operating a Center for the Developmentally Disabled, 471 NAC Chapters 1 through 3, and Title XIX of the Social Security Act. The general service contract required OMNI to: "Purchase and maintain adequate insurance coverage to cover all [OMNI]'s liabilities. [OMNI] shall file with DHHS, each time [OMNI] returns a signed contract, a current certificate of coverage showing the following kinds of coverage . . . . b. Motor vehicle liability insurance in accordance with the minimums set by state law, and agrees that the State/DHHS will not provide any insurance coverage for vehicles operated by [OMNI]."

The contract contained both an integration clause explaining the written contract represented the entire agreement between DHHS and OMNI and an assignment clause noting OMNI shall not assign or transfer any rights or duties under this contract without the written consent of DHHS. The contract also contained a provision allowing OMNI to subcontract "a portion of this contract as allowed by DHHS regulations" and that "OMNI shall ensure that all subcontractors comply with the requirements of this contract and applicable federal, state, county and municipal laws, ordinances, rules, and regulations."

OMNI subsequently entered into a subcontract agreement with James and Jennifer Wall to provide Extended Family Home (EFH) services for See. Under the subcontract, James and Jennifer agreed to provide See with habilitation services, including transportation services, in a family-like setting. James's sister, Martina Wall-Crawford, lived with James and Jennifer and provided some of those services at James and Jennifer's request. (We will collectively refer to the services provided by James, Jennifer, and Wall-Crawford as the "EFH Providers.") Under the subcontract, OMNI's responsibilities were to clarify any terminology, rule, or concept regarding habilitation services; to timely pay the EFH providers; and to rely upon the EFH providers' training, knowledge, and expertise and to utilize their input and feedback in treatment regarding the functioning of the individuals in their home. The EFH providers' responsibilities were to seek clarification for any terminology, rule, or concept regarding habilitation services; consent to background checks for all individuals 12 years old or older living in the home; maintain cleanliness; notify OMNI of a significant change in the home; secure See with functional seatbelts when transporting him; obtain training approved by OMNI; regularly communicate with OMNI regarding See; be available for family team meetings; complete written documentation relevant to the See's care; meet all DHHS requirements; and comply with applicable state and federal statutes and regulations as well as with OMNI policies and procedures. The subcontract specifically provided that: "EFH provider insists, and OMNI accepts that any and all duties performed by the parties hereunder are performed as and by independent contractors, and that no performance of any duty or act pursuant to this Agreement shall give rise to an employer-employee relationship between the parties. Each party is an independent contractor and as such will not have any authority to bind or commit the other.

No part of this [sub]contract shall be construed to create a joint venture, partnership, fiduciary, or agency relationship between the parties for any purpose." Finally, the subcontract provided that the EFH provider will "comply with applicable state and federal statutes and regulations and with OMNI Policy and Procedure."

On January 31, 2013, Wall-Crawford picked up See from school and was returning home with him when they were in a one-car accident in Weeping Water, Nebraska. The accident resulted in injuries to See, including the removal of his spleen. At the time of the accident, Wall-Crawford resided at the home of James and Jennifer and had driven See on other occasions prior to the accident.

On January 27, 2017, See's guardian, Angela Richardson, filed a complaint on behalf of See alleging he sustained injuries due to Wall-Crawford's negligent operation of the vehicle and that OMNI was liable for See's damages because Wall-Crawford was OMNI's agent and OMNI negligently entrusted Wall-Crawford with the transportation of See. Richardson also alleged See was the intended third-party beneficiary of OMNI's contract with DHHS because the contract contemplated services provided for disabled individuals such as See and that OMNI subcontracted with James to provide these services including transportation.

In January 2019, OMNI filed a motion for summary judgment but did not include a statement of undisputed facts. At the hearing on the motion, OMNI offered the aforementioned subcontract between OMNI and James and Jennifer; along with deposition excerpts from Morgan Kelly, OMNI's general counsel and treasurer; James; and Wall-Crawford. In opposition to OMNI's motion, Richardson offered the contract between DHHS and OMNI and the full depositions of Kelly, James, and Wall-Crawford.

In his deposition, James stated he received training at OMNI's main office for de-escalation and restraint techniques, CPR, and OMNI's company policies and procedures. James explained OMNI knew Wall-Crawford resided with him and helped to provide EFH care services to See. James stated OMNI required Wall-Crawford to participate in OMNI's training for restraint techniques, CPR, and OMNI's company policies and procedures. OMNI informed James that he was to obtain automobile insurance and homeowners insurance but did not discuss the minimum limits required. James explained that during the year he worked with OMNI, OMNI required him to provide OMNI with a copy of his automobile insurance card for all vehicles listed but never requested the declaration page or a recitation of minimum policy limits he had obtained. James testified that OMNI never discussed with him OMNI's responsibilities under its contract with DHHS. James explained Wall-Crawford needed his consent before driving one of his vehicles. James acknowledged OMNI gave him discretion about the means and methods for transporting See.

Wall-Crawford stated in her deposition that OMNI required her to participate in training pertaining to crisis intervention, CPR, handling prescription medication, and "Therap," a computer system used to input daily information about the interactions EFH providers had with the disabled individuals in their care. Wall-Crawford acknowledged that no one from OMNI spoke with her about OMNI's rules for transportation. Wall-Crawford also acknowledged OMNI did not ask for proof of insurance or if she was

going to be driving any of the disabled individuals. Wall-Crawford explained that once she received training from OMNI, she believed she could transport the disabled individuals. Wall-Crawford stated she had a Nebraska driver's license at the time of the accident but could not recall either being asked to provide, or providing, a copy of her driver's license to OMNI. Wall-Crawford testified she initially assisted See with goal training and entering information into "Therap." Approximately six months later, she began providing transportation services. After the accident, Wall-Crawford continued to assist See with services at home; however, she testified she would no longer transport See in the snow.

Wall-Crawford acknowledged that if James asked for her assistance, she would then help him. When describing this arrangement, Wall-Crawford said it was a family business where she was not paid but she did not have to pay for rent or food. Wall-Crawford recalled that after the accident, she wrote a statement for OMNI detailing the events of the accident.

In its order ruling on the motion for summary judgment, the court noted the chief factor determining whether the EFH providers and Wall-Crawford were employees or independent contractors was that of control. The court determined the EFH providers contracted with OMNI to provide See with a safe and supportive physical and emotional environment, but OMNI did not exert control over the manner by which the Walls were to achieve these outcomes. The court found the facts established that the EFH providers should be considered as independent contractors, not agents. The court then identified the applicable law and noted an employer is not liable for acts or omissions of its independent contractor barring two exceptions: (1) the employer retains control over the contractor's work and (2) the employer has a nondelegable duty to protect others from harm caused by the contractor. In determining whether OMNI was liable for the negligence of the Walls, the court found neither exception was met explaining that (1) there was no evidence OMNI supervised the transportation of See or that it had knowledge of some danger related to See's transportation and (2) OMNI requesting the Walls to drive See for services was not a delegation of an inherently dangerous activity; thus OMNI could not be found vicariously liable for See's injuries. The court continued its findings by stating there was no evidence or question of material fact establishing that the EFH providers maintained inadequate automobile insurance coverage or that OMNI negligently entrusted the vehicle in the accident to Wall-Crawford. The court ultimately granted OMNI's motion for summary judgment.

On appeal, this court affirmed the district court's order dismissing Richardson's vicarious liability claims against OMNI, but reversed the portion of the district court's order granting summary judgment to OMNI governing Richardson's claim for negligent entrustment and remanded the cause for further proceedings.

CURRENT PROCEEDINGS

Following the remand on the negligent entrustment cause of action, OMNI filed a motion for summary judgment contending that

- 4 -

the pleadings, discovery, and evidence demonstrate that there are no genuine issues of material fact and that [Richardson's] remanded cause of action of negligent entrustment fails as a matter of law under Nebraska law under any cognizant formulation because: 1) The subject vehicle was not under the control of OMNI; 2) The transportation of [See] was not under the control of OMNI; and/or 3) OMNI did not have actual or constructive knowledge of any fact that would infer that . . . Wall-Crawford was unable to operate the subject vehicle properly.

A hearing thereon was held in February 2022. Although no testimony was adduced at the hearing, the parties introduced numerous exhibits into evidence including the depositions of Kelly, James Wall, Wall-Crawford, James Wall, Sr., and Theodore Boecker; requests for admissions and responses; OMNI's independent contractors' agreement with Walls; the State of Nebraska Investigator's motor vehicle accident report; and insurance group declarations.

In May 2022, the district court granted summary judgment on Richardson's remaining claim of negligent entrustment and dismissed Richardson's remaining cause of action with prejudice. Specifically, the court found that no evidence had been adduced by which the trial court could find that the use of subject vehicle was under OMNI's control, that the transportation of See was under OMNI's control, or that OMNI had actual or constructive knowledge of any facts that would support a finding that the driver, Wall-Crawford, was incompetent, inexperienced or reckless in the manner in which she drove the vehicle. Richardson has timely appealed to this court.

ASSIGNMENT OF ERROR

Richardson's assignments of error can be consolidated into the following issue: that the district court erred in granting OMNI's motion for summary judgment based upon the court's determination that there were no genuine issues of material fact.

STANDARD OF REVIEW

An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Carrizales v. Creighton St. Joseph*, 312 Neb. 296, 979 N.W.2d 81 (2022).

An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id.*

ANALYSIS

Richardson contends that the district court erred in granting OMNI's motion for summary judgment on the theory of OMNI's negligent entrustment of See's transportation to Wall-Crawford based upon the court's determination that there were no genuine issues of material fact.

After determining in *OMNI I* that the district court did not err in granting summary judgment in favor of OMNI on Richardson's vicarious liability and non-delegable duty claims, we

reversed and remanded for further proceedings solely on the issue of the Richardson's negligent entrustment claim. In her complaint, Richardson alleged that claim as follows:

> [OMNI] is . . . liable for [the] negligent entrustment of [See's] care, in placing him in the position to be transported by an insufficiently trained and unqualified individual, to wit, . . . Wall-Crawford. But for allowing an insufficiently trained and unqualified individual to transport [See] on January 31, 2013, [See] would not have been involved in a motor vehicle accident and suffered the damages, including pain, suffering and personal injuries as hereinabove set forth.

In *DeWester v. Watkins*, 275 Neb. 173, 176, 745 N.W.2d 330, 334 (2008), the Nebraska Supreme Court stated:

> The tort of negligent entrustment is explained by the Restatement (Second) of Torts § 308, which states that "[i]t is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

Applied to this case, as we noted in *OMNI I*, DHHS entered into a general service contract with OMNI to provide Developmental Disability Services for individuals like See. Those services included habilitation services, which included transportation services, in a family-like setting. That contract specifically contemplated the right to subcontract those services and OMNI did so subcontract with James and Jennifer Wall. In the course of providing transportation services under the subcontract, Wall-Crawford was involved in an accident which resulted in See sustaining injuries. Richardson alleges that OMNI was negligent by allowing Wall-Crawford to transport See because she was "an insufficiently trained and unqualified individual to transport [See] on January 31, 2013."

Applying the negligent entrustment doctrine here, Richardson was required to elicit facts which would support her claim that OMNI was negligent to permit a third person to engage in an activity under OMNI's control if OMNI knew or should have known the third person intends or is likely to conduct himself or herself in the activity in such a manner as to create an unreasonable risk of harm to others. In doing so, Richardson attempted to assert and argue that OMNI was negligent in entrusting transportation services to Wall-Crawford.

But Richardson's claim is inconsistent with the unrefuted evidence in this case. OMNI never entrusted transportation services to Wall-Crawford. OMNI entrusted those services by subcontract to James and Jennifer Wall to serve as independent contractors for those services. It was the Walls that then entrusted transportation services to Wall-Crawford. In that regard, this case is similar to the Nebraska Supreme Court's holding in *Vilas v. Steavenson*, 242 Neb. 801, 496 N.W.2d 543 (1993), *overruled on other grounds, DeWester v. Watkins*, 275 Neb. 173, 745 N.W.2d 330 (2008) (holding that third party's ability to exercise control over vehicle rather than ownership, was prerequisite to liability based on claim of negligent entrustment). In *Vilas*, the court considered the question of whether the owner of a vehicle who permitted his son to use his car could be held liable for an accident occasioned while the vehicle was being operated by a third person to whom the son entrusted the vehicle, but without the father's knowledge or consent. The court rejected

the doctrine of negligent entrustment under such circumstances where the evidence did not indicate that the father knowingly entrusted the vehicle to the third person.

Similarly, OMNI entrusted transportation services to James and Jennifer Wall. It was the Walls that entrusted transportation services of See to Wall-Crawford. Under these circumstances, OMNI could only be found liable if the Walls' further entrustment to Wall-Crawford was within OMNI's knowledge and consent, and if OMNI knew or should have known that Wall-Crawford intended, or was likely to, conduct the transportation services in such a manner as to create an unreasonable risk of harm to See.

There is some evidence in the record that, at the time of OMNI's subcontract with the Walls, OMNI was aware of Wall-Crawford's role with the Walls and that Wall-Crawford would be providing at least some of the habilitative services under the subcontract. Assuming without deciding that provides evidence that the Walls would further entrust transportation services to Wall-Crawford, Richardson was required to provide some evidence that Wall-Crawford was likely to conduct herself in the activity in such a manner as to create an unreasonable risk of harm to See.

Having performed a thorough review of the record here, we agree with the district court that the record was completely devoid of any evidence that Wall-Crawford was likely to conduct herself, in providing transportation services, in such a manner as to create an unreasonable risk of harm to See. In short, the record indicates that, at the time OMNI contracted with the Walls, Wall-Crawford had a valid driver's license with an appropriate class code with no negative expressions or records that could otherwise be construed to negatively reflect or call into question her competence or ability to operate a motor vehicle.

Contrary to Richardson's complaint, when confronted with OMNI's motion for summary judgment, Richardson provided no evidence that, at the time OMNI entrusted habilitative services to the Walls, that Wall-Crawford was an insufficiently trained and unqualified person to transport See. As such, because the pleadings and admitted evidence shows there was no genuine issues as to any material fact or the ultimate issues that may be drawn from the facts, we find OMNI was entitled to summary judgment as a matter of law.

AFFIRMED.